UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

DONNY A. SINKOV, as Administrator of the Estate of
Spencer E. Sinkov, deceased, DONNY A. SINKOV, and
HARA SINKOV,

                        Plaintiffs,

            -against-

DONALD B. SMITH, individually and in his official
capacity as Sheriff of Putnam County, JOSEPH A.
VASATURO, individually, LOUIS G. LAPOLLA,
individually, THE COUNTY OF PUTNAM, New York,
and AMERICOR, INC.,

                        Defendants.
-------------------------------------------------------------------------x

**ANSWER**
07 Civ. 2866 (CLB)

For the answer to the complaint of the plaintiffs in the above entitled case,

defendants DONALD B. SMITH, individually and in his official capacity as Sheriff of Putnam

County, JOSEPH A. VASATURO, individually, LOUIS G. LAPOLLA, individually and THE

COUNTY OF PUTNAM, New York, by their attorneys, SANTANGELO RANDAZZO &

MANGONE LLP, say:

## NATURE OF ACTION

1.      The allegations contained in paragraph "1" of the complaint constitute

conclusions of law to which defendant makes no answer except to demand strict proof thereof

and respectfully refers any and all questions of law to this Honorable Court.  Further, defendants

deny any conduct giving rise to a cause of action pursuant to enumerated statutes.

## JURISDICTION

2.      The allegations contained in paragraph "2" of the complaint constitute

conclusions of law to which defendants make no answer except to demand strict proof thereof

and respectfully refer any and all questions of law to this Honorable Court.

3.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "3" of plaintiffs' complaint.

4.    Defendants admit the allegations contained in paragraph "4" of the plaintiffs' complaint.

## THE PARTIES

5.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "5" of plaintiffs' complaint.

6.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "6" of plaintiffs' complaint.

7.    Defendants admit that defendant Donald B. Smith at all times relevant to the complaint was the duly elected Sheriff of the County of Putnam, New York as alleged in paragraph "7" of plaintiffs' complaint and refer all remaining questions of law to this Honorable Court.

8.    Defendants admit that Joseph Vasaturo at all times relevant to this complaint was a Correction Officer employed by Putnam County in the PCCF as alleged in paragraph "8" of the plaintiffs' complaint and refers all remaining questions of law to this Honorable Court.

9.    Defendants admit that defendant Louis G. LaPolla was a sergeant employed by Putnam County in the PCCF as alleged in paragraph "9" of the plaintiffs' complaint and refer all remaining questions of law to this Honorable Court.

10.    Defendants admit the allegations contained in paragraph "10" of the plaintiffs' complaint.

11.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "11" of plaintiffs' complaint and refer all questions of law to this Honorable Court.

## THE FACTS

12.    Defendants admit the allegations contained in paragraph "12" of the plaintiffs' complaint.

13.    Defendants deny the allegations contained in paragraph "13" of the plaintiffs' complaint.

14.    Defendants neither admit nor deny the allegations contained in paragraph "14" of the plaintiffs' complaint as the referenced document speaks for itself.

15.    Defendants admit the allegations contained in paragraph "15" of the plaintiffs' complaint.

16.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "16" of plaintiffs' complaint.

17.    Defendants deny the allegations contained in paragraph "17" of the plaintiffs' complaint.

18.    Defendants deny the allegations contained in paragraph "18" of the plaintiffs' complaint.

19.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "19" of plaintiffs' complaint.

20.    Defendants deny the allegations contained in paragraph "20" of the plaintiffs' complaint.

21.    Defendants deny the allegations contained in paragraph "21" of the plaintiffs' complaint.

22.    Defendants deny the allegations contained in paragraph "22" of the plaintiffs' complaint.

23    Defendants deny the allegations contained in paragraph "23" of the plaintiffs' complaint.

24.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "24" of plaintiffs' complaint.

25.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "25" of plaintiffs' complaint.

26.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "26" of plaintiffs' complaint.

27.    Defendants deny the allegations contained in paragraph "27" of the plaintiffs' complaint.

28.    Defendants admit the allegations contained in paragraph "28" of the plaintiffs' complaint.

29.    Defendants deny the allegations contained in paragraph "29" of the plaintiffs' complaint.

30.    Defendants deny the allegations contained in paragraph "30" of the plaintiffs' complaint.

31.    Defendants deny the allegations contained in paragraph "31" of the plaintiffs' complaint.

32.    Defendants deny the allegations contained in paragraph "32" of the

plaintiffs' complaint.

33.    Defendants deny the allegations contained in paragraph "33" of the plaintiffs' complaint.

34.    Defendants deny the allegations contained in paragraph "34" of the plaintiffs' complaint.

35.    Defendants deny the allegations contained in paragraph "35" of the plaintiffs' complaint.

## ANSWERING A FIRST CLAIM

36.    Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1-35 of this Answer with the same force and effect as if set forth more fully at length herein.

37.    Defendants deny the allegations contained in paragraph "37" of the plaintiffs' complaint.

## ANSWERING A SECOND CLAIM

38.    Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1-35 of this Answer with the same force and effect as if set forth more fully at length herein.

39.    Defendants deny the allegations contained in paragraph "39" of the plaintiffs' complaint.

## ANSWERING A THIRD CLAIM

40.    Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1-35 of this Answer with the same force and effect as if set forth more fully at length herein.

41.    Defendants deny the allegations contained in paragraph "41" of the plaintiffs' complaint.

## ANSWERING A FOURTH CLAIM

42.    Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1-45 of this Answer with the same force and effect as if set forth more fully at length herein.

43.    Defendants deny the allegations contained in paragraph "43" of the plaintiffs' complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

44.    At all times relevant hereto, defendants acted in good faith and took appropriate action in the discharge of their official duties.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

45.    Defendants, to the extent they are sued in their individual capacity, are entitled to qualified immunity since at all times they acted in good faith in the discharge of their job duties and their conduct did not violate any clearly established constitutional or statutory rights of which a reasonable person would have known.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

46.     Defendants at all relevant times acted in accordance with all the laws, rules and regulations and pursuant to their authority.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

47.     Any conduct which is alleged by plaintiff id *de minimis* and insubstantial and as such the allegations fail to establish a claim upon which relief under 42 U.S.C. Section 1983.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

48.     For a separate and distinct affirmative defense, the answering defendants allege that the complaint on file herein fails to state a claim upon which relief can be granted.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

49.     For a separate and distinct affirmative defense, the individual answering defendants allege that they is immune from liability for the matters stated on the complaint in that all of their alleged actions, if any, were made in good faith, without malice and performed in the reasonable belief that such actions were authorized by and in accord with existing law and authority.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

50.    For a separate and distinct affirmative defense, the answering defendants allege that any harm which came to Spencer Sinkov was a direct and proximate result of his own actions.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

51.    The plaintiff's claim for damages, if any, are to be strictly governed by the Civil Rights Act of 1991 (42 U.S.C. Section 1981a).

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

52.    Plaintiff has failed to allege that any harm which they may have suffered occurred as a result of a policy and/or custom established by the County of Putnam, and thus the action against the County must be dismissed.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

53.    Insofar as plaintiff seeks to impose liability to defendant County of Putnam simply because it is alleged to have employed one or more constitutional tortfeasors, this action should be dismissed since the doctrine of *respondeat superior* is not available in an action brought pursuant to 42 U.S.C. Section 1983.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

54.     Defendants' conduct was not the proximate cause or substantial factor of Spencer Sinkov's death.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

55.     Defendants used ordinary care.

**W H E R E F O R E,** the defendants pray judgment that the complaint of the plaintiffs be dismissed, together with the costs and disbursements of this action and attorney's

fees awarded to defendants.

Dated: Hawthorne, New York
      May 31, 2007

                    Yours, etc.,

                    SANTANGELO RANDAZZO & MANGONE LLP

                    By:_____
                    James A. Randazzo(0156)
                    Attorneys for Defendants- DONALD B.
                    SMITH, individually and in his official
                    capacity as Sheriff of Putnam County,
                    JOSEPH A.VASATURO, individually,
                    LOUIS G. LAPOLLA,individually, THE
                    COUNTY OF PUTNAM, New York
                    151 Broadway
                    Hawthorne, New York 10532
                    (914) 741-2929

TO:    LOVETT & GOULD, LLP
        Attorneys for Plaintiff
        222 Bloomingdale Road
        White Plains, New York 10605
        (914) 428-8401

        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
        Attorney for Defendant- Americor, Inc.
        3 Gannett Drive
        White Plains, New York 10604
        (914) 323-7000

## CERTIFICATE OF SERVICE

I, JAMES A. RANDAZZO, hereby certify that on June 1, 2007, I served the within ANSWER, upon all parties, by mailing a copy thereof, postage prepaid, the address as provided to defendant by notification from this Court: LOVETT & GOULD, LLP, Attorneys for Plaintiff, 222 Bloomingdale Road, White Plains, New York 10605, (914) 428-8401 and WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, Attorney for Defendant-Americor, Inc., 3 Gannett Drive, White Plains, New York 10604, (914) 323-7000.

James A. Randazzo (JR-0156)