UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DONNY A. SINKOV, as Administrator of the Estate of     CIVIL ACTION NO.
Spencer E. Sinkov, deceased, DONNY A. SINKOV, and      07 Civ. 2866, (CLB)
HARA SINKOV,

                           Plaintiffs,

    - against -                                  **ANSWER**

DONALD B. SMITH, individually and in his official
capacity as Sheriff of Putnam County, JOSEPH A.
VASATURO, individually, LOUIS G. LAPOLLA,
individually, THE COUNTY OF PUTNAM, New York,
and AMERICOR, INC.,

                           Defendants.
------------------------------------------------------------------------x

       Defendant, AMERICOR, INC., by their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for an Answer to plaintiff's Complaint respectfully alleges as follows:

### NATURE OF THE ACTION

    1.    Allegations in paragraph "1" state conclusions of law to which no response is required.

### JURISDICTION

    2.    Allegations in paragraph "2" state conclusions of law to which no response is required.

    3.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "3" and "4" of the plaintiffs' Complaint.

1576368.1

**THE PARTIES**

4. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "5", "6", "7", "8", "9" and "10" of the plaintiffs' Complaint.

5. Denies each and every allegation contained in paragraph "11" except admits that AMERICOR is authorized to do business in the State of New York and maintains its principle place of business at 3105 Videre Drive, Wilmington, Delaware. AMERICOR respectfully refers to its contract with defendant, THE COUNTY OF PUTNAM, for the contents thereof.

**THE FACTS**

6. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "12" and "13" of the plaintiffs' Complaint.

7. Denies each and every allegation contained in paragraph "14" of the plaintiffs' Complaint and respectfully refers to the January 11, 2005 report for the contents thereof.

8. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "15", "16", "17" and "18" of the plaintiffs' Complaint.

9. Denies each and every allegation contained in paragraph "19" except admits that Paul Clark, an employee of AMERICOR and a registered nurse, performed the required medical intake assessment of Spencer on May 20, 2006.

10. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "20", "21", "22" and "23" of the plaintiffs' Complaint.

    11.    Denies each and every allegation contained in paragraph "24" of the plaintiffs' Complaint.

    12.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "25", "26", "27", "28", "29", "30", "31" and "32" of the plaintiffs' Complaint.

    13.    Denies each and every allegation contained in paragraphs "33", "34" and "35" of the plaintiffs' Complaint.

### AS AND FOR A FIRST CLAIM BY THE ESTATE
### AGAINST ALL DEFENDANTS

    14.    Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "1" through "35" of the Complaint in response to paragraph numbered "36" with the same force and effect as if here repeated and again set forth at length.

    15.    Denies each and every allegation contained in paragraphs "37" of the plaintiffs' Complaint.

### AS AND FOR A SECOND CLAIM BY THE ESTATE
### AGAINST ALL DEFENDANTS

    16.    Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "1" through "35" of the Complaint in response to paragraph numbered "38" with the same force and effect as if here repeated and again set forth at length.

    17.    Denies each and every allegation contained in paragraphs "39" of the plaintiffs' Complaint.

### AS AND FOR A THIRD CLAIM BY THE ESTATE
### AGAINST ALL DEFENDANTS

18. Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "1" through "35" of the Complaint in response to paragraph numbered "40" with the same force and effect as if here repeated and again set forth at length.

19. Denies each and every allegation contained in paragraphs "41" of the plaintiffs' Complaint.

## AS AND FOR A FOURTH CLAIM BY THE ESTATE
## AGAINST ALL DEFENDANTS

20. Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "1" through "35" of the Complaint in response to paragraph numbered "42" with the same force and effect as if here repeated and again set forth at length.

21. Denies each and every allegation contained in paragraphs "43" of the plaintiffs' Complaint.

## AS AND FOR ITS FIRST AFFIRMATIVE DEFENSE

22. This Complaint fails to state a claim upon which relief may be granted

## AS AND FOR ITS SECOND AFFIRMATIVE DEFENSE

23. The Complaint fails to sufficiently allege that AMERICOR was a decision maker with respect to municipal policy, custom or practice for purposes of establishing liability under Morrell v. Department of Social Services, 436 US 658 (1978).

## AS AND FOR ITS THIRD AFFIRMATIVE DEFENSE

24. The allegations in the Complaint fail to state a cause of action upon which relief can be granted against AMERICOR, as it does not maintain an unconstitutional written and/or de facto custom, policy or practice, and therefore cannot be held liable.

1576368.1

### AS AND FOR ITS FOURTH AFFIRMATIVE DEFENSE

25. The allegations in the Complaint fail to state a cause of action upon which relief can be granted against defendant, AMERICOR, as it was not acting under color of state law at any time referenced in the Complaint.

### AS AND FOR ITS FIFTH AFFIRMATIVE DEFENSE

26. The allegations in the Complaint fail to state a cause of action upon which relief can be granted for attorney's fees and costs.

### AS AND FOR ITS SIXTH AFFIRMATIVE DEFENSE

27. The conduct of AMERICOR as alleged in the Complaint was undertaken in all respects in good faith upon the reasonable belief that such conduct was lawful.

### AS AND FOR ITS SEVENTH AFFIRMATIVE DEFENSE

28. Plaintiffs fail to state a cause of action pursuant to New York State common law as against these answering Defendants.

### AS AND FOR ITS EIGHTH AFFIRMATIVE DEFENSE

29. Plaintiffs fail to state a cause of action under 42 USC sections 1981, 1983 and 1988 as against these answering Defendants.

### AS AND FOR ITS NINTH AFFIRMATIVE DEFENSE

30. AMERICOR is not the final policymaker for the County of Dutchess or the Greene Dutchess County Sheriff with respect to their policies and procedures.

### AS AND FOR ITS TENTH AFFIRMATIVE DEFENSE

31. The actions of AMERICOR which were taken in relation to the allegations contained in the Complaint did not at any time amount to reckless disregard, deliberate indifference and/or malice.

## AS AND FOR ITS ELEVENTH AFFIRMATIVE DEFENSE

32. While these answering Defendants deny the Plaintiffs' allegations of negligence, liability, statutory liability, strict liability, injury and damages, if proven, they were the result of intervening and/or interceding acts of superseding negligence, liability, statutory liability, strict liability on the part of parties over which these answering Defendants neither control or have the right to control, and for which acts or omissions these answering Defendants are not legally responsible.

WHEREFORE, the defendant, AMERICOR, INC., demands judgment against the plaintiffs dismissing the Complaint insofar as the same are alleged as to this answering defendant.

Dated:   White Plains, New York
         June 1, 2007

                                            Yours, etc.

                                            WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                                            By: */s/ Timothy P. Coon*
                                                TIMOTHY P. COON, ESQ.
                                                Attorneys for Defendant
                                                AMERICOR, INC.
                                                150 East 42nd Street
                                                New York, New York 10017-5639
                                                (212) 490-3000
                                                File No. 07621.00174

To:

Kim Berg, Esq.
Lovett & Gould, LLP
Attorneys for Plaintiffs
222 Bloomingdale Road
White Plains, NY 10605
(914) 428-8401
Fax: (914) 428-8916

1576368.1

James Randazzo, Esq.
Attorneys for Co-Defendants
Santangelo Randazzo & Mangone, LLP
151 Broadway
Hawthorne, New York 10532
(914) 741-2929
Fax: (914) 741-2920

1576368.1

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK            )
                             )  ss.:
COUNTY OF WESTCHESTER        )

JOANNE E. RYDER, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in Westchester County;

That on the 1st day of June, 2007, deponent served the within document(s) entitled ANSWER upon:

Kim Berg, Esq.
Lovett & Gould, LLP
Attorneys for Plaintiffs
222 Bloomingdale Road
White Plains, NY 10605
(914) 428-8401
Fax: (914) 428-8916

James Randazzo, Esq.
Attorneys for Co-Defendants
Santangelo Randazzo & Mangone, LLP
151 Broadway
Hawthorne, New York 10532
(914) 741-2929
Fax: (914) 741-2920

at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

/s/ Joanne E. Ryder
JOANNE E. RYDER

Sworn to before me this
1st day of June, 2007

/s/ Enza Pill Skala
Notary Public

1576368.1