UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DONNY A. SINKOV, as Administrator of the Estate of     CIVIL ACTION NO.
Spencer E. Sinkov, deceased, DONNY A. SINKOV, and     07 Civ. 2866, (CLB)
HARA SINKOV,

                   Plaintiffs,

   - against -

DONALD B. SMITH, individually and in his official
capacity as Sheriff of Putnam County, JOSEPH A.
VASATURO, individually, LOUIS G. LAPOLLA,
individually, THE COUNTY OF PUTNAM, New York,
and AMERICOR, INC.,

                   Defendants.
------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Timothy P. Coon (TC 3357)
Bernice E. Margolis (BM0702)
Attorneys for Defendant AmeriCor
3 Gannet Drive
White Plains, New York 10604
(914) 323-7000
File No.: 07621.00174

1978275.1

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of AmeriCor, Inc..

For the reasons set forth herein, it is respectfully submitted that the Court should issue an Order granting AmeriCor, Inc.'s Motion for Summary Judgment dismissing the plaintiffs' claim under 42 U.S.C. §1983, and for such other and further relief as this Court deems just and proper. In short, plaintiffs' cause of action based upon an alleged violation of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983 must be dismissed as a matter of law as the plaintiffs cannot show that the decedent suffered from a serious medical condition or that AmeriCor acted with deliberate indifference with respect to the alleged medical needs of the decedent.

## LEGAL STANDARD

The principles governing the grant or denial of summary judgment under FRCP 56 are well established. Taylor v. Evans, 72 F.Supp.2d 298(S.D.N.Y. 1999). "Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." Id. *citing* D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998), *cert. denied*, 524 U.S. 911, 118 S.Ct. 2075, 141 L.Ed.2d 151 (1998).

While on a motion for summary judgment all facts must be construed in favor of the non-moving party, a party opposing summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleadings, but…must set forth specific facts showing that there is a genuine issue for trial." Id. Citing Fed. R. Civ. P. 56(e). In doing so, the "non-moving party may not rely on conclusory allegations or unsubstantiated speculation." Id. *citing* Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998)

"[T]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient" to defeat a properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986). "Instead, the non-movant must offer 'concrete evidence from which a reasonable juror could return a verdict in his favor." Taylor, 72 F.Supp. 2d 298 (S.D.N.Y. 1999) *citing* Anderson, 477 U.S. at 256. "Summary judgment should only be granted if no rational factfinder could find in favor of the non-moving party." Taylor, 72 F.Supp. 2d 298 (S.D.N.Y. 1999) *citing* Heilweil v. Mount Sinai Hospital, 32 F.3d 718, 721 (2d Cir. 1994).

Applying the above standard, this Court should grant summary judgment on the federal claims with prejudice.

1978275.1

# THE PLAINTIFFS CANNOT ESTABLISH A 42 U.S.C. §1983 CLAIM

The plaintiffs allege that AmeriCor, Inc. ("AmeriCor") violated the plaintiffs' constitutional rights by reason of a violation of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983. As set forth more fully below, this action cannot lie.

**Legal Standard to Establish a Fourteenth Amendment Violation**

A cause of action of an alleged violation of the civil rights of a pretrial detainee is based upon an alleged violation of the Fourteenth Amendment. See Rivera v. County of Westchester, et.al, 188 Misc.2d 746, 729 N.Y.S.2d 386 (S.D.N.Y. 2001). In order to establish a Fourteenth Amendment violation arising out of an allegation of inadequate medical treatment, a plaintiff must prove deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1996). The deliberate indifference standard has both an objection and subjective prong. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).

First, a plaintiff must establish the objective prong of the test, i.e. it must be shown that the alleged medical need must be sufficiently serious, which is a condition which is one that produces "a condition of urgency…that may produce death, degeneration or extreme pain." Id. at 66.

Secondly, a plaintiff must establish the subjective prong of the test, i.e. "that the defendants acted with a 'sufficiently culpable state of mind' in depriving the prisoner of medical treatment. Id. at 66. It involves "something more than negligence … [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Id. To meet this prong, it must be shown that the one accused of a violation of rights "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 66. This subjective element

requires a state of mind equivalent to the intent of criminal recklessness, when a defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at. 66.

It is undisputed that the plaintiff cannot establish either prong of the required test.

**The Decedent Was Not Suffering from a Serious Medical Condition**

In order to satisfy the objection first prong, a plaintiff needs to show that an inmate suffered from a serious medical condition. This contemplates "a condition of urgency that may result in 'degeneration' or 'extreme pain.'" Chance v. Armstrong, 143 F.3d 698 (2nd Cir. 1998). Courts have held that a serious medical condition existed where:

> ...the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' Gutierrez, 111 F.3d at 1373 (citation omitted). Factors that have been considered include 'the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.' Chance v. Armstrong, 143 F.3d 698 (2nd Cir. 1998) citing McGuckin v. Smith, 974 D.2d 1050, 1059-60 (9th Cir. 1992); accord Gutierrez, 111 F.3d at 1373 (citing McGurkin and collecting cases from other circuits employing similar standard).

Where there is no evidence that a serious medical condition existed, a claim cannot lie. See, e.g. Brock v. Lester Wright, et. al., 315 F.3d 158 (2nd Cir. 2003).

The plaintiffs' claim is founded upon the serious medical condition being (a) heroin withdrawal or (b) increased risk of suicide.

1978275.1

### a) Heroin Withdrawal

While heroin withdrawal has been held by various Courts to be considered a "serious condition" there is absolutely no evidence that the decedent was suffering from withdrawal such that medical attention was required. The plaintiffs must produce proof in evidentiary form that established that the decedent was in withdrawal. Simply stated, there is no such proof.

At booking, the decedent spoke to Louis G. LaPolla ("LaPolla"), the Sergeant employed by Putnam County Correctional Facility ("PCCF"). LaPolla discussed the decedent's heroin use and advised the decedent that should he require medical assistance, he was to advise any of the correctional officers. The decedent advised LaPolla that he was feeling fine. The decedent also spoke with Joseph Vasaturo ("Vasaturo"), a corrections officer employed by PCCF, who did the booking intake screening. During the intake screening process, the decedent was asked by Vasaturo how he was feeling, the decedent answered he was feeling fine. Vasaturo advised the decedent that should he being to feel ill, he was to tell a corrections officer and medical assistance would be provided.

While in booking, the decedent was also seen by AmeriCor Nurse Peter Clarke ("Clarke"). Clarke discussed with the decedent his heroin use. The decedent advised Mr. Clarke that he was feeling fine. Nurse Clarke noted on his progress note that the decedent was alert, oriented and in good spirits. He also advised the decedent to ask for medical should he start to feel ill.

Later that morning the decedent was given his breakfast, which he ate. There were no complaints from the decedent. Shortly before 11:00 a.m., he was taken to a visit with his family. When asked by his family if he was withdrawing, the decedent replied, yes, but it was not that bad. The decedent did not tell any of the corrections officers of withdrawal.

After the visit, the decedent was escorted back to his cell. Before returning to his cell, the officer and the decedent stopped in front of the medical office. At that time, the AmeriCor Nurse Susan Waters happened to see the decedent. She thought he was a female patient that was being brought to medical. At that time, the decedent appeared alert and oriented, and made no complaints. Indeed, the decedent joked around with Nurse Waters about his long hair. Thereafter, the decedent returned to his cell and ate his lunch. Approximately an hour and a half later, the decedent was found hanging in his cell.

At no time was AmeriCor advised that the decedent was in need of treatment for a withdrawal from heroin. At no time that AmeriCor had seen the decedent did he appear in distress or was suffering from withdrawal. Indeed the decedent appeared alert, oriented and in good spirits.

It is undisputed that there is no evidence in admissible form that the decedent was going through active withdrawal which required medical attention. As there is absolutely no evidence that the decedent required medical treatment while in PCCF for heroin withdrawal, the alleged heroin withdrawal cannot be considered a "serious medical condition" which required attention by AmeriCor. See, Kelley v. County of Wayne, 325 F.Supp. 2d 788 (E.D.Mich. 2004)(No deliberate indifference with respect to a serious medical condition of the inmate. While the decedent advised that he was going through heroin withdrawal, and at one point was seen to have a green pallor, was physically in distress and had no appetite, there was no deliberate indifference as thereafter, the inmate advised that the worst was over, he felt better and started eating, *citing* Smith v. LeJeune, 203 F.Supp. 2d 1260, 1273 (D.Wyo. 2002)(no deliberate indifference "through county jail nurse observed some symptoms of alcohol withdrawal prior to the inmate's suicide, the inmate's statement to her that he was feeling fine caused her not to have

-7-

1978275.1

an objective knowledge that his condition needed medical treatment."). *See also*, Mathis v. Cotton, 1998 U.S. Dist. 17639 (N.D. Tx. 1998)(no deliberate indifference can be found when the defendant was not aware an inmate was suffering from active withdrawal).

The fact that the decedent used heroin 24 hours prior to his arrest is not evidence sufficient to prove that the decedent was actively withdrawing and required medical treatment.

**b) Heightened Suicide Risk**

While a the risk for suicide has been held by various Courts to be considered a "serious condition" there is absolutely no evidence that that can be imputed to AmeriCor that the decedent was a suicide risk such that medical attention was required.

Courts have held that "an official must be cognizant of the significant likelihood that an inmate may imminently seek to take his own life and must fail to take reasonable steps to prevent the inmate from performing the act." Novack v. County of Wood, 226 F.3d 525 (7th Cir. 2000) *citing* Collignon v. Milwaukee County, 163 F.3d 982 (7th Cir. 1998)("holding that even placing an inmate on suicide watch may not demonstrate a subjective awareness of a substantial risk of imminent suicide").

The undisputed deposition testimony clearly establishes that it was the sole responsibility of the corrections officer to complete the decedent's suicide screening form as part of the intake process. It further shows that the corrections officer did complete the form, and that he alone made the decision to place the decedent on a 15-minute watch. At no time did any corrections officer notify AmeriCor of Sinkov's suicide screening form or that Sinkov was on a 15 minute watch.

Further, irrespective of the score the decedent received on his suicide screening form, there is absolutely no evidence that the decedent exhibited any sign that he may commit suicide.

-8-

1978275.1

Indeed, when asked by Corrections Officer Vasaturo if he was going to hurt himself, the decedent said no.

On the occasions when AmeriCor's employees interacted with the decedent, he was alert, oriented and in good spirits. He was even joking around with the staff. As the decedent did not give any indication to AmeriCor that he was suicidal, and AmeriCor was not notified of the suicide screening score, this Court should not find that AmeriCor was aware of the decedent's increased risk of suicide as to constitute a serious condition such it required medical care.

**There was no deliberate indifference to the needs of the Decedent**

Assuming arguendo that this Court finds that the decedent was suffering a "serious medical condition" so as to require medical attention, the plaintiff's claim still must fail as the plaintiff cannot show that AmeriCor was deliberately indifferent to the medical needs of the decedent.

Deliberate indifference is more than negligence but less than the purposeful or knowing infliction of harm. Farmer v. Brennan, 511 U.S. 825, 836 (1994). The standard requires that there is knowledge of and a disregard of a substantial risk of serious harm to inmate health or safety. Id. at 837. This standard is subjective, and it is not enough to say that there was an objective danger of which an official should have been aware.

> An official acts with the requisite deliberate indifference when that official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Cuoco v. Kenneth Moritsugu, et. al., 222 F.3d 99 (2nd Cir. 2000) citing Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998)(quoting, Farmer, 511 U.S. at 837)

1978275.1

*See also*, <u>Rivera v. County of Westchester</u>, et.al, 188 Misc.2d 746, 729 N.Y.S.2d 386 (Supreme Court, Westchester County 2001)(where a pre-trial detainee committed suicide, mere knowledge that an inmate is acting in a peculiar manner is not enough to establish deliberate indifference).

As the decedent exhibited no behavior that would have put AmeriCor on notice that there was a significant likelihood that the decedent would hurt himself, AmeriCor cannot be said to have been deliberately indifferent to the needs of the decedent. *See*, <u>Novak v. County of Wood</u>, 226 F.3d 525 (7th Cir. 2000). As set forth above, there is no evidence the decedent was actively withdrawing from heroin nor that he was suicidal, such that medical treatment would be required.

Further, it cannot be shown that the alleged actions or inactions of AmeriCor was the proximate cause of the alleged violation. <u>Id.</u> at 530. *See also*, <u>Gayton v. Michael McCoy, Sheriff of Peoria County, Illinois, et. al.</u>, 2008 U.S. Dist. LEXIS 32378 (C.D.Ill. 2008)(no jury could reasonably conclude that the nurses were deliberately indifferent to the serious medical needs of the decedent or that the nurses conduct was the proximate cause of the death of an inmate where a pre-trial detainee did not advise any prison or medical personnel that she was suffering from active heroin withdrawal. There was no evidence of a connection between the death and the heroin withdrawal, nor was there evidence that medication for heroin withdrawal was indicated. None the nurses who interacted with the decedent believed the decedent was going through heroin withdrawal and those conclusions that were based upon the interactions were rationally drawn). <u>Kelley v. County of Wayne, et.al.</u>, 325 F.Supp. 2d 788 (E.D.Mich. 2004)(no deliberate indifference existed as a matter of law in a case where decedent, who was withdrawing from heroin committed suicide where the decedent's statements to the medical nurse that he was feeling fine, which caused the nurse not to have an objective understanding

that the condition needed medical treatment); Hathaway v. Coughlin, 37 F.3d 63 (2nd Cir. 1994)("[d]eliberate indifference is not an inadvertent failure to provide adequate medical care." A plaintiff must show that the medical provider actually wished him harm, or at least was unconcerned with his or her welfare).

There is no evidence that the decedent was suffering from active withdrawal from heroin such that any medical treatment was required. Three is no evidence to impute knowledge to AmeriCor that the decedent was suicidal. A full investigation of this incident was conducted by New York State, and the Commission concluded that AmeriCor should have recorded vital signs, physical exam findings and pertinent medical history. However, AmeriCor's scope of Services with Putnam, as well as the National Commission on Correctional Health Care, requires such an exam within fourteen (14) days of commitment. Not 24 hours had passed when Sinkov committed suicide. Assuming arguendo that AmeriCor was under a duty to record the decedent's vital signs, this certainly did not result in the decedent committing suicide.

## CONCLUSION

As set forth above, the plaintiffs cannot establish that AmeriCor violated 18 U.S.C. §1983. The decedent did not suffer from a serious medical condition which required medical attention. Even assuming he did, the alleged actions or inactions of AmeriCor did not rise to the level of deliberate indifference. As such, the plaintiffs' §1983 claim against AmeriCor must be dismissed as a matter of law.

**WHEREFORE**, it is respectfully requested that this Court grant Defendant AmeriCor's motion for summary judgment on the plaintiffs' 42 U.S.C. §1983 claims pursuant to Federal Rule of Civil Procedure 56, that this Court not exercise pendant jurisdiction over the plaintiffs'

remaining state law claims and transfer this action to the State Supreme Court, and for such other further and different relief as this Court deems just and proper.

Dated: White Plains, New York
       May 6, 2008

                            Respectfully submitted,

        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Timothy P. Coon (TC 3357)
Bernice E. Margolis (BM0702)
Attorneys for Defendant AmeriCor
3 Gannet Drive
White Plains, New York 10604
(914) 323-7000
File No.: 07621.00174

TO:    Lovett & Gould, LLP
       Attorneys for Plaintiffs
       Attn.: Kim Berg, Esq.
       222 Bloomingdale Road
       White Plains, NY 10605
       (914) 428-8401
       Fax: (914) 428-8916

       Santangelo Randazzo & Mangone, LLP
       Attorneys for Co-Defendants Joseph A. Vasaturo
       Louis G. LaPolla and The County of Putnam
       Attn.: James Randazzo, Esq.
       151 Broadway
       Hawthorne, New York 10532
       (914) 741-2929
       Fax: (914) 741-2920

1978275.1

Miranda Sokoloff Sambursky Slone Verveniotis LLP
Attorneys for Co-defendants DONALD B. SMITH
Attn.: Adam I. Kleinberg, Esq.
The Esposito Building
240 Mineola Boulevard
Mineola, NY 11501
516.741.7676 (TEL)
516.741.9060 (FAX)

1978275.1