# EXHIBIT A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

DONNY A. SINKOV, as Administrator of the Estate of
Spencer E. Sinkov, deceased, DONNY A. SINKOV, and
HARA SINKOV,

                    Plaintiffs,

-against-

DONALD B. SMITH, individually and in his official
capacity as Sheriff of Putnam County, JOSEPH A.
VASATURO, individually, LOUIS G. LAPOLLA,
individually, THE COUNTY OF PUTNAM, New York,
and AMERICOR, INC.,

                    Defendants.

## SUMMONS IN A CIVIL ACTION

Case No.

# 07 CIV. 2866

**BRIEANT**

TO: (Name and Address of Defendant)

DONALD B. SMITH, Sheriff, 3 County Center, Carmel, New York

JOSEPH A. VASATURO, Correctional Facility, 3 County Center, Carmel, New York

LOUIS G. LAPOLLA, Correctional Facility, 3 County Center, Carmel, New York

THE COUNTY OF PUTNAM, New York, 40 Gleneida Avenue, Carmel, New York

AMERICOR, INC., 3105 Videre Drive, Wilmington, Delaware

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY _ _ _ _)

Lovett & Gould, LLP
222 Bloomingdale Road
White Plains, New York  10605
(914) 428-8401

an Answer to the Complaint which is herewith served upon you, within twenty days after service of this Summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the
Complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

## J. MICHAEL McMAHON

CLERK                                    APR 1 0 2007

                                         DATE

BY DEPUTY CLERK

## LOVETT & GOULD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

DONNY A. SINKOV, as Administrator of
the Estate of Spencer E. Sinkov, deceased,
DONNY A. SINKOV, and HARA SINKOV,



07 Civ. (   )

Plaintiffs,

-against-

**COMPLAINT**

# 07 CIV. 2866

DONALD B. SMITH, individually and in his
official capacity as Sheriff of Putnam County,
JOSEPH A. VASATURO, individually,
LOUIS G. LAPOLLA, individually,
THE COUNTY OF PUTNAM, New York,
and AMERICOR, INC.,

# BRIEANT

**Jury Trial Demanded**

Defendants.

-----------------------------------------------------x

Plaintiffs DONNY A. SINKOV, as Administrator of the Estate of Spencer E.

Sinkov, deceased, DONNY A. SINKOV, and HARA SINKOV, by their attorneys Lovett

& Gould, LLP, for their complaint respectfully allege:

### NATURE OF THE ACTION

1. This is an action for deprivations, committed by Defendants while acting under

color of New York State law, of Plaintiffs' rights, privileges and immunities as

guaranteed them by reason of the Fourteenth Amendment to the United States

Constitution, 42 U.S.C. §1983. The action also seeks damages against Defendants for

their negligent and/or reckless conduct which proximately caused the death of Spencer E.

Sinkov at the Putnam County Correctional Facility on May 20, 2006.

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. With respect to the claims against Americor, Inc., jurisdiction is also invoked pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds the sum or value of $75,000. Plaintiffs' state law claims are interposed in accordance with 28 U.S.C. §1367.

3. On March 20, 2007, Letters of Administration were duly issued to decedent Spencer E. Sinlov's father, Donny A. Sinkov, by the Surrogate's Court, County of Putnam.

4. On August 3, 2006, a notice of claim was duly filed with the Defendant County of Putnam. A hearing pursuant to Section 50-h of the New York State General Municipal Law was conducted with respect to that notice of claim on December 18, 2006. The claim remains unadjusted and unresolved.


## THE PARTIES

5. Plaintiff DONNY A. SINKOV (hereinafter "Donny") is a citizen of the United States, domiciliary of the State of New York, and resident of the County of Putnam. He is the duly appointed Administrator of the Estate of Spencer E. Sinkov (hereinafter "Spencer"). Spencer was Donny's biological son. Donny sues both individually and in his fiduciary capacities.

6. Plaintiff HARA SINKOV (hereinafter "Hara") is a citizen of the United States, domiciliary of the State of New York, and a resident of the County of Putnam. Spencer was also Hara's biological son.

7. Defendant DONALD B. SMITH (hereinafter "Smith"), who is sued in his official and individual capacities, at all times relevant to this complaint was the duly elected Sheriff of the County of Putnam, New York.  As such, he possessed the final, discretionary decision making authority with respect to: training of employees of the Putnam County Correctional Facility; and the creation and enforcement of policies and procedures pertaining to the treatment of and incarceration of inmates in the Putnam County Correctional Facility (hereinafter "PCCF").

8. Defendant JOSEPH VASATURO (hereinafter "Vasaturo"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was a Correction Officer employed by the County of Putnam in the PCCF.  With respect to the events leading to the death of Spencer, Vasaturo was assigned as the booking officer for the midnight shift on May 20, 2006. As such he was immediately responsible for the initial assessment, health and safety of Spencer, including but not limited to the administration of the suicide assessment examination.

9. Defendant LOUIS G. LAPOLLA (hereinafter "Lapolla"), who is sued only in his individual and personal capacities, at all times relevant to the events alleged in this complaint was a Sergeant employed by the County of Putnam in the PCCF.  With respect to events of May 20, 2006, Lapolla was responsible for supervision of correctional facility employees including his co-defendant Vasaturo. As such he had final, discretionary decision making authority with respect to the treatment of Spencer during that shift.  Lapolla, together with his co-defendant Vasaturo, had direct responsibility to ensure Spencer was appropriately housed and provided with a sufficient level of supervision in connection with the results of medical and suicide screening administered

3

by Vasaturo to Spencer. Lapolla was immediately responsible for the health and safety of Spencer.

10. Defendant COUNTY OF PUTNAM, New York (hereinafter "County"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. The County owns and operates the PCCF. Spencer died on May 20, 2006, while in the custody and control of the County at the PCCF.

11. Defendant AMERICOR, INC. (hereinafter "Americor") is a domestic corporation doing business in New York with its principle place of business at 3105 Videre Drive, Wilmington, Delaware. By reason of its contract and/or agreement with the County, and on May 20, 2006, Americor provided and coordinated medical services to PCCF inmates. In that connection, Americor was responsible for performing medical intake assessments on individuals brought to the PCCF.

## THE FACTS

12. On or about November 15, 2003, an inmate of the PCCF, Norberto Rivera, committed suicide by hanging himself from a sweatshirt tied to his cell door bars. He was found hanging by Defendant Vasaturo.

13. Upon booking and/or processing into the PCCF five days earlier, Rivera was administered the required suicide screening examination in connection with which he scored sufficiently high so as to require him to be placed on periodic observations every fifteen minutes. He was noted to be actively withdrawing from heroin and was placed in the facility's detoxification program. During his incarceration in Putnam County, Rivera was housed in a cell in the North Housing Unit.

4

14. Upon Rivera's death, the New York State Commission of Correction conducted an investigation and issued a report dated January 11, 2005 in which the Commission concluded that:

> a. there was a regular and reoccurring policy of the jail Psychiatrist failing to see patients who were intoxicated or withdrawing from drug use which policy constituted a deliberate refusal to provide services and amounted to inadequate medical care;
>
> b. the post assignment then in place was inadequate in that one officer was assigned to the North Housing Unit post and that officer's duties required him or her to leave the post thereby preventing the officer from maintaining active supervision of inmates;
>
> c. staff of the Putnam County Correctional Facility should be counseled to document the exact time of their observations of inmates rather than rounding off times to the nearest fifteen or thirty minute interval; and
>
> d. Smith should request an updated staffing analysis to be completed with particular attention to the North Housing area post and its adjacent responsibilities.

15. On May 19, 2006, Spencer, then twenty-one years old, was arrested and brought to the PCCF by members of the Putnam County Sheriff's Department. Spencer had never been arrested before and had no criminal record.

16. Up to and including May 19, 2006, Spencer resided with his parents, Donny and Hara, and his younger brother in their family home in Putnam County. In that connection he contributed to the household by performing household chores, shopping,

maintenance, and the like. Spencer was also involved in actively caring for his mother, Hara, who was and continues to be seriously ill. Spencer was an aspiring musician and composer who played bass guitar with a local band and had recently received copyrights for several songs. He attended college, then in his third year. In 2006, he was involved in the active management of a multi-family property then owned by his father Donny and with respect to which he was being trained to fully manage.

17. Upon arrival at the Putnam County Correctional Facility at approximately 12:30 a.m. on May 20, 2006, Defendant Vasaturo booked and processed Spencer, which processing included administering to Spencer a suicide screening examination. Spencer's score on the suicide screening examination indicated that he should be the subject of constant supervision as the results revealed Spencer expressed feelings of hopelessness, suffered from current heroin addiction, and *inter alia* showed signs of active withdrawal from heroin. Under the circumstances, Vasaturo was also required to provide notification to the Shift Commander of the results of Spencer's suicide assessment examination.

18. During the booking process, Lapollo spoke directly with Spencer with respect to his recent use of heroin and withdrawal therefrom. Spencer inquired of Lapollo about the availability of a detoxification program in the facility.

19. Paul Clark, an employee of Americor and a registered nurse, performed the required medical intake assessment of Spencer on May 20, 2006. However, consistent with Americor's policies and practices and/or due to a lack of adequate training, Clark performed a wholly inadequate assessment of Spencer, failed to record his vital signs, did not document any physical examination or medical history, and in that regard failed to

6

comply with, *inter alia*, State standards, rules and/or regulations with respect to intake assessments performed on inmates of correctional facilities.

20. At the conclusion of the booking process, Vasaturo and/or Lapolla, acting with deliberate indifference to the high risk that Spencer would commit suicide, determined to place Spencer on "fifteen minute checks" rather than constant supervision.

21. Lapolla ordered Vasaturo to place Spencer in cell number 29. Vasaturo instead unilaterally determined to change the assignment to cell 7 in the North Housing Unit so that Spencer could be observed at fifteen-minute intervals.

22. In connection with his processing of Spencer, Vasaturo deliberately, recklessly and/or negligently did not follow County policies and procedures when he failed to:

    a.  immediately notify his supervisor and/or Shift Commander of the results of the suicide assessment examination he administered to Spencer;

    b.  immediately notify his supervisor, Lapolla, that he was processing a high risk inmate;

    c. forward a copy of the suicide screening form to his supervisor;

    d. assign appropriate housing based on the results of the suicide screening test;

    e. notify his supervisor of the change and reason for the change in the cell assignment that he unilaterally made; and

    f. notify his supervisor as to why a fifteen minute watch was instituted.

23. Similarly, Lapolla deliberately, recklessly and/or negligently did not follow County policies and procedures when he failed to:

     a. inquire as to why Spencer was placed on a fifteen minute watch;

     b. receive and review the suicide screening results prior to Spencer's cell assignment;

     c. properly supervise his subordinate, Vasaturo; and,

     d. inquire about the reason for Vasaturo's decision to change Spencer's cell assignment to a cell in the North Housing Unit.

24. Americor and/or its employees also deliberately, recklessly and/or negligently failed to follow State and/or County standards, rules and regulations in connection with the intake assessment performed on Spencer.

25. At approximately 10:50 a.m. on May 20, 2006, Spencer visited with his parents, Donny and Hara, and younger brother at the facility visiting room. Spencer was overheard by correctional staff stating that he was withdrawing from heroin. Donny advised the correction officer in the visiting room that Spencer was going through heroin withdrawal and requested medical treatment for his son. In response, the correction officer advised Donny that, in accordance with the then practice and custom in place in the PCCF, Spencer could not receive any treatment for five days.

26. After approximately fifteen minutes of visiting with his family, and at 11:05 a.m., Spencer returned to his cell in the North Housing Unit.

27. During the period 11:05 a.m. to 1:50 p.m. on May 20, 2006, Spencer was under the direct supervision of the County defendants. Although he was supposed to be personally observed at fifteen-minute intervals during that period of time, upon

information and belief and in accordance with the County and Smith's practice then in place during weekend shifts, some if not all of the required fifteen-minute checks were never performed.

28. At 1:49 p.m. Correction Officer Michael Oliver observed Spencer hanging from his sweatshirt which was affixed to the cell door bars. CPR was performed by correctional staff and/or emergency medical technicians. Spencer was pronounced dead at approximately 3:01 p.m. The Medical Examiner's autopsy report concluded that Spencer had died of asphyxiation.

29. At the time of Spencer's reception into the Putnam County Correctional Facility on May 20, 2006 and against the background of Norberto Rivera's prior suicide in the same manner and on the same unit as Spencer's, the County and Smith deliberately and/or with reckless disregard for the substantial risk of harm posed to high risk detainees failed to implement policies requiring:

    a.    constant supervision of inmates who received high scores on the suicide screening assessment;

    b.    issuance to such inmates of paper clothing; and

    c.    immediate provision of medical and/or psychiatric care for inmates who scored high on the suicide screening assessment, were under the influence of drugs and/or alcohol, and/or were withdrawing from alcohol and/or drug use.

30. Upon information and belief, the County and/or Smith did not take appropriate remedial steps in response to the concerns cited in the State Commission's January 11, 2005 report on the death of Norberto Rivera to wit:

       a.      Defendants failed to implement a policy requiring that the jail

Psychiatrist/Physician see patients who were intoxicated or

withdrawing from drugs or alcohol -- which failure the State

Commission concluded three years earlier constituted a

deliberate refusal to provide services and amounted to

inadequate medical care;

       b.      Defendants failed to alter the North Housing Unit post

assignment so as to ensure that the officer's duties either did not

require him or her to leave the post and/or prevented the officer

from maintaining active supervision of inmates; and

       c.      The policy of not accurately documenting active supervision of

inmates continued.

31. Thus, consistent with the County and Smith's then policy, Spencer was not placed on constant supervision.

32. Consistent with the County and Smith's then policy, Spencer was not provided with a paper gown upon reception into the Correctional Facility.

33. During the time of his incarceration at the Putnam County Correctional Facility, despite the high score on the suicide screening assessment and Donny's requests for medical treatment for his son Spencer, consistent with the County and Smith's custom, practice and policy, Defendants deliberately, recklessly and/or negligently failed to provided Spencer with any medical or mental health treatment.  Nor was Spencer placed in a detoxification program or treated in any way for withdrawal from heroin.

34. As a proximate result of Defendants' deliberate, willful, reckless and/or negligent disregard of Spencer's need for constant supervision, medical and/or mental health care, Spencer: was denied his federal civil rights as guaranteed him by reason of the United States Constitution and wrongfully deprived of his life without Due Process; and experienced pain and suffering.

35. As a proximate result of the Defendants' deliberate, willful, reckless and/or negligent conduct, Donny and Hara Sinkov were: subjected to a violation of their federal civil rights deriving from their biological familial relationship to Spencer; caused to suffer pecuniary losses in the form of lost future monetary contributions by Spencer, lost future contributions in the form of caring for his ill mother, lost future maintenance and support of the family home, and lost future assistance and/or complete management of his father's rental property; caused to suffer severe emotional upset, anxiety, and otherwise rendered sick and sore.

## AS AND FOR A FIRST CLAIM BY THE ESTATE
## AGAINST ALL DEFENDANTS

36. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "35", inclusive.

37. Under the premises the Defendants' conduct violated Spencer's rights as guaranteed by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM BY THE ESTATE
## AGAINST ALL DEFENDANTS

38. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "35", inclusive.

39. Under the premises each of the Defendants' negligently and/or recklessly caused the death of Spencer Sinkov for which Defendants are answerable in damages under New York State law.

## AS AND FOR A THIRD CLAIM BY DONNY AND HARA SINKOV
## AGAINST ALL DEFENDANTS

40. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "35", inclusive.

41. Under the premises the Defendants' intentional and/or reckless conduct, proximately resulting in the death of Plaintiffs' biological son, violated Donny and Hara's federal civil rights as guaranteed them by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A FOURTH CLAIM BY DONNY AND HARA SINKOV
## AGAINST ALL DEFENDANTS

42. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "35" inclusive.

43. Under the premises the Defendants' intentional, reckless conduct, and/or negligent conduct resulted in the wrongful death of Spencer and as such Defendants are answerable in damages to Plaintiffs under New York State law.

WHEREFORE judgment is respectfully demanded:

a. Awarding as against all Defendants such compensatory damages as the jury may determine;

b. Awarding as against the individually named defendants on the §1983 claims such punitive damages as the jury may impose;

c. Awarding as against all Defendants on the §1983 claims reasonable attorney's fees and costs, and,

d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
April 9, 2007

                              LOVETT & GOULD, LLP,
                              By: _____ (JBG4570)
                              Jane Bilus Gould (JBG4410)

                              _____
                              Kim Berg (KB1425)
                              Attorneys for Plaintiffs
                              222 Bloomingdale Road
                              White Plains, N.Y. 10605
                              914-428-8401

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

DONNY A. SINKOV, as Administrator of the Estate of
Spencer E. Sinkov, deceased, DONNY A. SINKOV, and
HARA SINKOV,

                        Plaintiffs,

        -against-

DONALD B. SMITH, individually and in his official
capacity as Sheriff of Putnam County, JOSEPH A.
VASATURO, individually, LOUIS G. LAPOLLA,
individually, THE COUNTY OF PUTNAM, New York,
and AMERICOR, INC.,

                        Defendants.
------------------------------------------------------------------------x

**ANSWER**
07 Civ. 2866 (CLB)

        For the answer to the complaint of the plaintiffs in the above entitled case,

defendants DONALD B. SMITH, individually and in his official capacity as Sheriff of Putnam

County, JOSEPH A. VASATURO, individually, LOUIS G. LAPOLLA, individually and THE

COUNTY OF PUTNAM, New York, by their attorneys, SANTANGELO RANDAZZO &

MANGONE LLP, say:

## NATURE OF ACTION

        1.      The allegations contained in paragraph "1" of the complaint constitute

conclusions of law to which defendant makes no answer except to demand strict proof thereof

and respectfully refers any and all questions of law to this Honorable Court.  Further, defendants

deny any conduct giving rise to a cause of action pursuant to enumerated statutes.

## JURISDICTION

        2.      The allegations contained in paragraph "2" of the complaint constitute

conclusions of law to which defendants make no answer except to demand strict proof thereof

and respectfully refer any and all questions of law to this Honorable Court.

      3.      Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "3" of plaintiffs' complaint.

      4.      Defendants admit the allegations contained in paragraph "4" of the plaintiffs' complaint.

## THE PARTIES

      5.      Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "5" of plaintiffs' complaint.

      6.      Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "6" of plaintiffs' complaint.

      7.      Defendants admit that defendant Donald B. Smith at all times relevant to the complaint was the duly elected Sheriff of the County of Putnam, New York as alleged in paragraph "7" of plaintiffs' complaint and refer all remaining questions of law to this Honorable Court.

      8.      Defendants admit that Joseph Vasaturo at all times relevant to this complaint was a Correction Officer employed by Putnam County in the PCCF as alleged in paragraph "8" of the plaintiffs' complaint and refers all remaining questions of law to this Honorable Court.

      9.      Defendants admit that defendant Louis G. LaPolla was a sergeant employed by Putnam County in the PCCF as alleged in paragraph "9" of the plaintiffs' complaint and refer all remaining questions of law to this Honorable Court.

      10.      Defendants admit the allegations contained in paragraph "10" of the plaintiffs' complaint.

11.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "11" of plaintiffs' complaint and refer all questions of law to this Honorable Court.

## THE FACTS

12.     Defendants admit the allegations contained in paragraph "12" of the plaintiffs' complaint.

13.     Defendants deny the allegations contained in paragraph "13" of the plaintiffs' complaint.

14.     Defendants neither admit nor deny the allegations contained in paragraph "14" of the plaintiffs' complaint as the referenced document speaks for itself.

15.     Defendants admit the allegations contained in paragraph "15" of the plaintiffs' complaint.

16.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "16" of plaintiffs' complaint.

17.     Defendants deny the allegations contained in paragraph "17" of the plaintiffs' complaint.

18.     Defendants deny the allegations contained in paragraph "18" of the plaintiffs' complaint.

19.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "19" of plaintiffs' complaint.

20.     Defendants deny the allegations contained in paragraph "20" of the plaintiffs' complaint.

21.     Defendants deny the allegations contained in paragraph "21" of the plaintiffs' complaint.

22.     Defendants deny the allegations contained in paragraph "22" of the plaintiffs' complaint.

23     Defendants deny the allegations contained in paragraph "23" of the plaintiffs' complaint.

24.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "24" of plaintiffs' complaint.

25.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "25" of plaintiffs' complaint.

26.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "26" of plaintiffs' complaint.

27.     Defendants deny the allegations contained in paragraph "27" of the plaintiffs' complaint.

28.     Defendants admit the allegations contained in paragraph "28" of the plaintiffs' complaint.

29.     Defendants deny the allegations contained in paragraph "29" of the plaintiffs' complaint.

30.     Defendants deny the allegations contained in paragraph "30" of the plaintiffs' complaint.

31.     Defendants deny the allegations contained in paragraph "31" of the plaintiffs' complaint.

32.     Defendants deny the allegations contained in paragraph "32" of the

plaintiffs' complaint.

33.    Defendants deny the allegations contained in paragraph "33" of the plaintiffs' complaint.

34.    Defendants deny the allegations contained in paragraph "34" of the plaintiffs' complaint.

35.    Defendants deny the allegations contained in paragraph "35" of the plaintiffs' complaint.

## ANSWERING A FIRST CLAIM

36.    Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1-35 of this Answer with the same force and effect as if set forth more fully at length herein.

37.    Defendants deny the allegations contained in paragraph "37" of the plaintiffs' complaint.

## ANSWERING A SECOND CLAIM

38.    Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1-35 of this Answer with the same force and effect as if set forth more fully at length herein.

39.    Defendants deny the allegations contained in paragraph "39" of the plaintiffs' complaint.

## ANSWERING A THIRD CLAIM

40.    Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1-35 of this Answer with the same force and effect as if set forth more fully at length herein.

41. Defendants deny the allegations contained in paragraph "41" of the plaintiffs' complaint.

## ANSWERING A FOURTH CLAIM

42. Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1-45 of this Answer with the same force and effect as if set forth more fully at length herein.

43. Defendants deny the allegations contained in paragraph "43" of the plaintiffs' complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

44. At all times relevant hereto, defendants acted in good faith and took appropriate action in the discharge of their official duties.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

45. Defendants, to the extent they are sued in their individual capacity, are entitled to qualified immunity since at all times they acted in good faith in the discharge of their job duties and their conduct did not violate any clearly established constitutional or statutory rights of which a reasonable person would have known.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

46.    Defendants at all relevant times acted in accordance with all the laws, rules and regulations and pursuant to their authority.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

47.    Any conduct which is alleged by plaintiff id *de minimis* and insubstantial and as such the allegations fail to establish a claim upon which relief under 42 U.S.C. Section 1983.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

48.    For a separate and distinct affirmative defense, the answering defendants allege that the complaint on file herein fails to state a claim upon which relief can be granted.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

49.    For a separate and distinct affirmative defense, the individual answering defendants allege that they is immune from liability for the matters stated on the complaint in that all of their alleged actions, if any, were made in good faith, without malice and performed in the reasonable belief that such actions were authorized by and in accord with existing law and authority.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

50.    For a separate and distinct affirmative defense, the answering defendants

allege that any harm which came to Spencer Sinkov was a direct and proximate result of his own

actions.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

51.    The plaintiff's claim for damages, if any, are to be strictly governed by

the Civil Rights Act of 1991 (42 U.S.C. Section 1981a).

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

52.    Plaintiff has failed to allege that any harm which they may have suffered

occurred as a result of a policy and/or custom established by the County of Putnam, and thus the

action against the County must be dismissed.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

53.    Insofar as plaintiff seeks to impose liability to defendant County of

Putnam simply because it is alleged to have employed one or more constitutional tortfeasors, this

action should be dismissed since the doctrine of *respondeat superior* is not available in an action

brought pursuant to 42 U.S.C. Section 1983.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

54.     Defendants' conduct was not the proximate cause or substantial factor of Spencer Sinkov's death.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

55.     Defendants used ordinary care.

**W H E R E F O R E,** the defendants pray judgment that the complaint of the plaintiffs be dismissed, together with the costs and disbursements of this action and attorney's

fees awarded to defendants.


Dated: Hawthorne, New York
      May 31, 2007

                     Yours, etc.,

                     SANTANGELO RANDAZZO & MANGONE LLP

                     By:
                     James A. Randazzo(0156)
                     Attorneys for Defendants- DONALD B.
                     SMITH, individually and in his official
                     capacity as Sheriff of Putnam County,
                     JOSEPH A.VASATURO, individually,
                     LOUIS G. LAPOLLA,individually, THE
                     COUNTY OF PUTNAM, New York
                     151 Broadway
                     Hawthorne, New York 10532
                     (914) 741-2929


TO:     LOVETT & GOULD, LLP
          Attorneys for Plaintiff
          222 Bloomingdale Road
          White Plains, New York 10605
          (914) 428-8401

          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
          Attorney for Defendant- Americor, Inc.
          3 Gannett Drive
          White Plains, New York 10604
          (914) 323-7000

## CERTIFICATE OF SERVICE

I, JAMES A. RANDAZZO, hereby certify that on June 1, 2007, I served the within ANSWER, upon all parties, by mailing a copy thereof, postage prepaid, the address as provided to defendant by notification from this Court: LOVETT & GOULD, LLP, Attorneys for Plaintiff, 222 Bloomingdale Road, White Plains, New York 10605, (914) 428-8401 and WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, Attorney for Defendant-Americor, Inc., 3 Gannett Drive, White Plains, New York 10604, (914) 323-7000.

James A. Randazzo (JR-0156)

# EXHIBIT C



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

DONNY A. SINKOV, as Administrator of the Estate of
Spencer E. Sinkov. Deceased, DONNY A. SINKOV,
and HARA SINKOV,

Docket No.: 07 CV 2866
(CLB)

                                          Plaintiffs,

**NOTICE OF
APPEARANCE**

                    -against-

DONALD B. SMITH, individually and in his official
capacity as Sheriff of Putnam County, JOSEPH A
VASATURO, individually, LOUIS G. LAPOLLA,
individually, THE COUNTY OF PUTNAM, New
York, and AMERICOR, INC.

                                          Defendants.

------------------------------------------------------------------x

**PLEASE TAKE NOTICE** that Adam I. Kleinberg, an associate of the firm of

MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, incoming attorneys for

defendant DONALD B. SMITH, hereby files this notice for the purpose of receiving ECF alerts

via e-mail.

Dated: Mineola, New York
      December 26, 2007

                    MIRANDA SOKOLOFF SAMBURSKY
                    SLONE VERVENIOTIS LLP
                    Attorneys for Defendant
                    Donald B. Smith

              By:_____
                    ADAM I. KLEINBERG (AIK-0468)
                    240 Mineola Boulevard
                    Mineola, New York 11501
                    (516) 741-7676
                    Our File No. 07-730

TO:    Kim Berg, Esq. (via ECF)
        James A. Randazzo, Esq. (via ECF)
        Timothy Paul Coon, Esq. (via ECF)

## Notices

7:07-cv-02866-CLB Sinkov et al v. Smith et al

ECF

### U.S. District Court

## United States District Court for the Southern District of New York

## Notice of Electronic Filing

The following transaction was entered by Kleinberg, Adam on
12/26/2007 at 4:20 PM EST and filed on 12/26/2007

**Case Name:**         Sinkov et al v. Smith et al
**Case Number:**       7:07-cv-2866
**Filer:**             Donald B. Smith
**Document Number:** 17

**Docket Text:**
**NOTICE OF APPEARANCE by Adam I. Kleinberg on behalf of
Donald B. Smith (Kleinberg, Adam)**

**7:07-cv-2866 Notice has been electronically mailed to:**

Kim Patricia Berg    kberg@lovett-gould.com

Timothy Paul Coon    timothy.coon@wilsonelser.com

Adam I. Kleinberg    akleinberg@mirandasokoloff.com,
sramos@mirandasokoloff.com

James A. Randazzo    ssr@ssrlegal.com

SDNY CM/ECF Version 3.1.1                                                                    Page 2 of 2

**7:07-cv-2866 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=12/26/2007]
[FileNumber=4117938-
0]
[3b23292aeab815a829b8bce95a50fea7505a4773a86ea4d81459778d1b0a
d284afb2616aa38ee204d8331601fdf2ce9c06545a6eb4b40919c655c10e7

# EXHIBIT D

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DONNY A. SINKOV, as Administrator of the Estate of          CIVIL ACTION NO.
Spencer E. Sinkov, deceased, DONNY A. SINKOV, and          07 Civ. 2866, (CLB)
HARA SINKOV,

                                    Plaintiffs,

            - against -                                                **ANSWER**

DONALD  B. SMITH, individually and in his official
capacity as Sheriff of Putnam County, JOSEPH A.
VASATURO, individually, LOUIS G. LAPOLLA,
individually, THE COUNTY OF PUTNAM, New York,
and AMERICOR, INC.,

                                    Defendants.
------------------------------------------------------------------------x

        Defendant, AMERICOR, INC., by their attorneys, WILSON, ELSER, MOSKOWITZ,

EDELMAN & DICKER LLP, as and for an Answer to plaintiff's Complaint respectfully alleges

as follows:

### NATURE OF THE ACTION

        1.      Allegations in paragraph "1" state conclusions of law to which no response is

required.

### JURISDICTION

        2.      Allegations in paragraph "2" state conclusions of law to which no response is

required.

        3.      Denies knowledge or information sufficient to form a belief as to the truth of each

and every allegation contained in paragraphs "3" and "4" of the plaintiffs' Complaint.

### THE PARTIES

4.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "5", "6", "7", "8", "9" and "10" of the plaintiffs' Complaint.

5.      Denies each and every allegation contained in paragraph "11" except admits that AMERICOR is authorized to do business in the State of New York and maintains its principle place of business at 3105 Videre Drive, Wilmington, Delaware.  AMERICOR respectfully refers to its contract with defendant, THE COUNTY OF PUTNAM, for the contents thereof.

### THE FACTS

6.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "12" and "13" of the plaintiffs' Complaint.

7.      Denies each and every allegation contained in paragraph "14" of the plaintiffs' Complaint and respectfully refers to the January 11, 2005 report for the contents thereof.

8.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "15", "16", "17" and "18" of the plaintiffs' Complaint.

9.      Denies each and every allegation contained in paragraph "19" except admits that Paul Clark, an employee of AMERICOR and a registered nurse, performed the required medical intake assessment of Spencer on May 20, 2006.

10.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "20", "21", "22" and "23" of the plaintiffs' Complaint.

11.    Denies each and every allegation contained in paragraph "24" of the plaintiffs' Complaint.

12.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "25", "26", "27", "28", "29", "30", "31" and "32" of the plaintiffs' Complaint.

13.    Denies each and every allegation contained in paragraphs "33", "34" and "35" of the plaintiffs' Complaint.

## AS AND FOR A FIRST CLAIM BY THE ESTATE
## AGAINST ALL DEFENDANTS

14.    Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "1" through "35" of the Complaint in response to paragraph numbered "36" with the same force and effect as if here repeated and again set forth at length.

15.    Denies each and every allegation contained in paragraphs "37" of the plaintiffs' Complaint.

## AS AND FOR A SECOND CLAIM BY THE ESTATE
## AGAINST ALL DEFENDANTS

16.    Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "1" through "35" of the Complaint in response to paragraph numbered "38" with the same force and effect as if here repeated and again set forth at length.

17.    Denies each and every allegation contained in paragraphs "39" of the plaintiffs' Complaint.

## AS AND FOR A THIRD CLAIM BY THE ESTATE
## AGAINST ALL DEFENDANTS

18.    Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "1" through "35" of the Complaint in response to paragraph numbered "40" with the same force and effect as if here repeated and again set forth at length.

19.    Denies each and every allegation contained in paragraphs "41" of the plaintiffs' Complaint.

## AS AND FOR A FOURTH CLAIM BY THE ESTATE
## AGAINST ALL DEFENDANTS

20.    Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "1" through "35" of the Complaint in response to paragraph numbered "42" with the same force and effect as if here repeated and again set forth at length.

21.    Denies each and every allegation contained in paragraphs "43" of the plaintiffs' Complaint.

## AS AND FOR ITS FIRST AFFIRMATIVE DEFENSE

22.    This Complaint fails to state a claim upon which relief may be granted

## AS AND FOR ITS SECOND AFFIRMATIVE DEFENSE

23.    The Complaint fails to sufficiently allege that AMERICOR was a decision maker with respect to municipal policy, custom or practice for purposes of establishing liability under Morrell v. Department of Social Services, 436 US 658 (1978).

## AS AND FOR ITS THIRD AFFIRMATIVE DEFENSE

24.    The allegations in the Complaint fail to state a cause of action upon which relief can be granted against AMERICOR, as it does not maintain an unconstitutional written and/or de facto custom, policy or practice, and therefore cannot be held liable.

## AS AND FOR ITS FOURTH AFFIRMATIVE DEFENSE

25.    The allegations in the Complaint fail to state a cause of action upon which relief can be granted against defendant, AMERICOR, as it was not acting under color of state law at any time referenced in the Complaint.

## AS AND FOR ITS FIFTH AFFIRMATIVE DEFENSE

26.    The allegations in the Complaint fail to state a cause of action upon which relief can be granted for attorney's fees and costs.

## AS AND FOR ITS SIXTH AFFIRMATIVE DEFENSE

27.    The conduct of AMERICOR as alleged in the Complaint was undertaken in all respects in good faith upon the reasonable belief that such conduct was lawful.

## AS AND FOR ITS SEVENTH AFFIRMATIVE DEFENSE

28.    Plaintiffs fail to state a cause of action pursuant to New York State common law as against these answering Defendants.

## AS AND FOR ITS EIGHTH AFFIRMATIVE DEFENSE

29.    Plaintiffs fail to state a cause of action under 42 USC sections 1981, 1983 and 1988 as against these answering Defendants.

## AS AND FOR ITS NINTH AFFIRMATIVE DEFENSE

30.    AMERICOR is not the final policymaker for the County of Dutchess or the Greene Dutchess County Sheriff with respect to their policies and procedures.

## AS AND FOR ITS TENTH AFFIRMATIVE DEFENSE

31.    The actions of AMERICOR which were taken in relation to the allegations contained in the Complaint did not at any time amount to reckless disregard, deliberate indifference and/or malice.

## AS AND FOR ITS ELEVENTH AFFIRMATIVE DEFENSE

32.    While these answering Defendants deny the Plaintiffs' allegations of negligence, liability, statutory liability, strict liability, injury and damages, if proven, they were the result of intervening and/or interceding acts of superseding negligence, liability, statutory liability, strict liability on the part of parties over which these answering Defendants neither control or have the right to control, and for which acts or omissions these answering Defendants are not legally responsible.

WHEREFORE, the defendant, AMERICOR, INC., demands judgment against the plaintiffs dismissing the Complaint insofar as the same are alleged as to this answering defendant.

Dated:     White Plains, New York
           June 1, 2007

Yours, etc.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:  /s/ Timothy P. Coon
     TIMOTHY P. COON, ESQ.
     Attorneys for Defendant
     AMERICOR, INC.
     150 East 42nd Street
     New York, New York 10017-5639
     (212) 490-3000
     File No. 07621.00174

To:

Kim Berg, Esq.
Lovett & Gould, LLP
Attorneys for Plaintiffs
222 Bloomingdale Road
White Plains, NY 10605
(914) 428-8401
Fax:  (914) 428-8916

James Randazzo, Esq.
Attorneys for Co-Defendants
Santangelo Randazzo & Mangone,  LLP
151 Broadway
Hawthorne, New York 10532
(914) 741-2929
Fax:  (914) 741-2920

<u>AFFIDAVIT OF SERVICE BY MAIL</u>

STATE OF NEW YORK        )
                                 ) ss.:

COUNTY OF WESTCHESTER    )

JOANNE E. RYDER, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in Westchester County;

That on the 1st day of June, 2007, deponent served the within document(s) entitled ANSWER upon:

Kim Berg, Esq.
Lovett & Gould, LLP
Attorneys for Plaintiffs
222 Bloomingdale Road
White Plains, NY 10605
(914) 428-8401
Fax: (914) 428-8916

James Randazzo, Esq.
Attorneys for Co-Defendants
Santangelo Randazzo & Mangone, LLP
151 Broadway
Hawthorne, New York 10532
(914) 741-2929
Fax: (914) 741-2920

at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

/s/ Joanne E. Ryder
            JOANNE E. RYDER

Sworn to before me this
1st day of June, 2007

  /s/ Enza Pill Skala
Notary Public

1576368.1