UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

DONNY A. SINKOV, as Administrator of the Estate of
Spencer E. Sinkov, deceased, DONNY A. SINKOV, and
HARA SINKOV,

                              Plaintiffs,

          -against-

                                                        07 Civ. 2866  (CLB)

DONALD B. SMITH, individually and in his official
capacity as Sheriff of Putnam County, JOSEPH A.
VASATURO, individually, LOUIS G. LAPOLLA,
individually, THE COUNTY OF PUTNAM, New York,
and AMERICOR, INC.,

                              Defendants.

-------------------------------------------------------------------------x


**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
VASATURO, LAPOLLA AND COUNTY OF PUTNAM'S
MOTION FOR SUMMARY JUDGMENT**

                              Respectfully Submitted,

                              SANTANGELO RANDAZZO & MANGONE LLP

                                   Attorneys for Defendants-Joseph A.
                                   Vasaturo, Louis G. LaPolla and the County
                                   of Putnam
                                   151 Broadway
                                   Hawthorne, New York 10532
                                   (914) 741-2929

By: James A. Randazzo, Esq. (0156)

**ARGUMENT**

**PLAINTIFF HAS FAILED TO SET FORTH
SPECIFIC FACTS SHOWING THAT THERE IS A
GENUINE ISSUE FOR TRIAL; THUS, THE CLAIM OF
DELIBERATE INDIFFERENCE
MUST BE DISMISSED.**

It is axiomatic that conclusory statements, mere conjecture, hearsay or speculation by the party resisting summary judgment cannot defeat the motion. Bickerstaff v. Vassar College, 196 F.3d 435, 452 (2nd Cir. 1999). In other words, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts... The nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Caldarola v. Calabrese, 298 F.3d 156, 160 (2nd Cir. 2002), quoting Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). While it is true that a court is generally required to draw all reasonable inferences and resolve all ambiguities in favor of the party opposing summary judgment, see Matsushita Elec. Indus. Co. at 586, 106 S. Ct. 1348, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

In an effort to distract this court from the limited issues at hand, plaintiffs contend that there are numerous disputed issues of material fact which would otherwise preclude the granting of the defendants' motion for summary judgment with respect to the federal claim. However, even a cursory review of the so-called "disputed issues of material fact" reveals that

1

same are supported by nothing more than conjuncture, hearsay or speculation or are disputes over

facts that do not affect the outcome of the suit.

**POINT I**

**NO JURY COULD REASONABLY FIND THAT**
**JOSEPH VASATURO ACTED WITH DELIBERATE**
**INDIFFERENCE TO THE SAFETY NEEDS OF DECEDENT.**

It is well-settled that the subjective prong of the deliberate indifference standard

requires a showing of facts that indicate "that the official being sued subjectively perceived facts

from which to infer a substantial risk to the prisoner, that he did in fact draw the inference, and

that he then disregarded that risk." Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 128

2.Ed.2d 811, (1994). Indeed, the official must actually draw the inference, not just that he could

or should have done so. Farmer, 511 U.S. at 839. Here, plaintiffs have failed to set forth any

facts which establish that Vasaturo subjectively drew an inference that Sinkov was a substantial

risk of suicide. Rather, all of plaintiffs' claims against Vasaturo in this regard are premised on

the belief that he could have or should have been aware that Sinkov was a risk to commit suicide

(Plaintiffs' Memorandum of Law, p. 19, et seq). This is simply an insufficient standard for a

finding of deliberate indifference.

To the contrary, all of Vasaturo's actual subjective beliefs were that Sinkov was

not a threat to commit suicide. Sinkov joked around with Vasaturo (V:137); he told Vasaturo he

had something to look forward to because he was in a band and was going to college (V: 132,

168); and Sinkov denied having problems with withdrawal. In short, the decedent appeared fine.

In fact, Vasaturo's failure to notify his supervisor, LaPolla, of Sinkov's score on the suicide

2

screening form, is not, as plaintiffs suggest, deliberate indifference, but rather consistent with his subjective belief that Sinkov was not suicidal.

Further, assuming arguendo that Vasaturo may have violated some statutory or administrative provision in failing to place Sinkov on a constant watch, same does not ipso facto give rise to a presumption of a constitutional violation. <u>Davis v. Scherer</u>, 468, U.S. 183, 194, 104 S. Ct. 3012, 82 L.Ed. 2d 139 (1984).

In short, under no view has it been established that Vasaturo actually drew an inference that Sinkov posed a risk of suicide. Thus, the federal claim must be dismissed.

<strong><u>POINT II</u></strong>

<strong>NO JURY COULD REASONABLY FIND THAT<br>
LOUIS LAPOLLA ACTED WITH DELIBERATE<br>
<u>INDIFFERENCE TO THE SAFETY NEEDS OF DECEDENT.</u></strong>

As with Vasaturo, plaintiffs' claim of deliberate indifference by LaPolla is based upon nothing more then rank speculation and conjecture. Indeed, plaintiffs ignore the uncontradicted fact that LaPolla was never made aware of Sinkov's score on the suicide screening form and instead offer a wayward suggestion that he must have been aware of same based upon the "beliefs" of others.

However, wether Vasaturo believed that LaPolla had seen the suicide screening form is of no moment, nor is what some other person purportedly told Captain LeFever (Plaintiffs' Memorandum of Law, p. 32). Nor does that fact that Vasaturo advised LaPolla of a change in Sinkov's cell assignment, or that Vasaturo put his P-1 memo in the briefing room where LaPolla could have seem it alter the conclusion that LaPolla was unaware of the result of the suicide screening form. Absent knowledge of same, it cannot be seriously argued that

3

LaPolla actually drew an inference that Sinkov posed a risk of suicide. What he could have known or should have known is irrelevant to a determination of the federal claim.

Similarly, the supervisor liability theory against LaPolla must likewise fail. Such a claim is premised upon the false assertion that LaPolla was aware of the answers given by Sinkov on the suicide screening form and disregarded same. See Colon v. Coughlin, 58 F. 3d 865 (2nd Cir. 1995). Clearly he was not.

## POINT III

### BOTH VASTURO AND LAPOLLA ARE
### ENTITLED TO QUALIFIED IMMUNITY.

To the extent that plaintiffs object to the court resolving the issue of qualified immunity on the merits, suffice to say that the Second Circuit has recognized that the Court may excuse a waiver or procedural default on a qualified immunity motion where it is adequately set forth in a summary judgment motion. Zarvis v. Albany County, 75 Fed. Appx. 837, 838 (2nd Cir. 2003).

As set forth in defendants' main brief, it was objectively reasonable for Vasaturo and LaPolla to believe that their conduct did not violate plaintiffs' rights. Indeed, it is settled that officials do not lose their qualified immunity because their conduct violates some statutory or administrative provision. Davis v. Scherer, 468 U.S. at 194. Rather, the issue is whether it violated some provision of the Constitution. Here, it did not.

4

## POINT IV

### PLAINTIFFS HAVE FAILED TO
### ESTABLISH A VIABLE FEDERAL CLAIM
### AGAINST THE COUNTY OF PUTNAM.

Initially, it has long since been established that if the individual defendants have

not violated a constitutional right, the municipality cannot be liable under § 1983. Thus, to the

extent that the court determines that neither Vasaturo, LaPolloa, Sheriff Smith, (or even

Americor for that matter), has violated plaintiff's constitutional rights, all claims against the

County must be dismissed. c.f., Bizzaro v. Miranda, 394 F. 3d 82, 89 Fn 3 (2nd Cir. 2005).

With respect to the failure to train claim (Plaintiffs' Memorandum of Law, Point

IV), suffice to say that the inquiry must extend beyond that question of whether the individual

officers were poorly trained. The appropriate question is "whether that training is adequate; and

if it is not, the question becomes whether such inadequate training can justifiably be said to

represent municipal policy." City of Canton v. Harris, 489 U.S. 378, 390, 109 S. Ct. 1197, 103

L.Ed. 2d 412 (1989). As clearly set forth in the main and reply memorandum of law of Sheriff

Smith, the training is certainly more than adequate as, despite the lack of a written requirement

on the suicide screening form that was in use at the facility, the training mandated the institution

of a constant watch for suicidal prisoners.

Moreover, to the extent it can be shown that there was inadequate training of

Vasaturo and/or LaPolla by their supervisors, it cannot be seriously argued that same represents

municipal policy. Zahra v. Town of Southold, 48 F. 3d 674, 685 (2nd Cir. 1995) ("A

municipality may not be held liable in an action under § 1983 for actions alleged to be

unconstitutional by its employees below the policymaking level solely on the basis of respondeat

5

superior").

## CONCLUSION

Based upon the foregoing, and for the reasons more fully set forth in defendants'

memorandum of law, it is respectfully requested that this Court grant defendants' motion for

summary judgment and dismiss the complaint.

Dated: Hawthorne, New York
      June 10, 2008

Respectfully Submitted,

SANTANGELO RANDAZZO & MANGONE LLP

By:    _____
        James A. Randazzo (0156)
        Attorneys for Defendants- JOSEPH A.
        VASATURO, individually, LOUIS G.
        LAPOLLA, individually, THE COUNTY
        OF PUTNAM, New York
        151 Broadway
        Hawthorne, New York 10532
        (914) 741-2929

6

## CERTIFICATE OF SERVICE

I, JAMES A. RANDAZZO, hereby certify that on June 11, 2008, I served the within REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS VASATURO, LAPOLLA AND COUNTY OF PUTNAM'S MOTION FOR SUMMARY JUDGMENT upon all parties, via Electronic Case Filing, the address as provided to defendant by notification from this Court:


LOVETT & GOULD, LLP
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorney for Defendant- Americor, Inc.
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000

MIRANDA SOKOLOFF SAMBURSKY
SLONE VERVENIOTIS LLP
Attorneys for Defendant-Donald B. Smith
240 Mineola Boulevard
The Esposito Building
Mineola, New York 11501
(516) 741-7676


James A. Randazzo (JR-0156)