UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DONNY A. SINKOV, as Administrator of
the Estate of Spencer E. Sinkov, deceased,
DONNY A. SINKOV and HARA SINKOV,

                    Plaintiffs,                **MEMORANDUM DECISION AND ORDER**

    -against-                                07 Civ. 2866 (CLB) (GAY)

DONALD B. SMITH, individually and in his
official capacity as Sheriff of Putnam County,
JOSEPH A. VASATURO, individually,
LOUIS G. OAPOLLA, individually, THE
COUNTY OF PUTNAM, NEW YORK and
AMERICOR, INC.,

                    Defendants.
------------------------------------------------------------------X

       This action arises out of the death of Spencer Sinkov on May 20, 2006, while he was incarcerated in the Putnam County Correctional Facility. Spencer's parents commenced this action on behalf of themselves and Spencer's Estate pursuant to 42 U.S.C. § 1983 for violations of the Fourteenth Amendment. Plaintiffs also assert supplemental state law claims for negligence and wrongful death. Presently before this Court are defendants' motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] For the reasons that follow, defendants' motions are **granted in part and denied in part**.

       In the first instance, plaintiffs' § 1983 claims against Sheriff Smith in his official capacity are duplicative of the municipal liability claims lodged against the County under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978). See Tsotesi v.

---

[1] Defendants' motions are before me on the limited consent of the parties, pursuant to 28 U.S.C. §636(c).

Board of Educ., 258 F. Supp.2d 336, 338 n.10 (dismissing official capacity claims against individuals as duplicative of Monell claim). Accordingly, plaintiffs' **§ 1983 claims against Sheriff Smith in his official capacity are dismissed.**

As to the remaining claims, a review of the entire record indicates numerous triable factual issues including, but not limited to, whether the defendants were deliberately indifferent. Accordingly, defendants' motions are **denied in all other respects**.

Dated:   July 28, 2008
         White Plains, NY

SO ORDERED:

_____
GEORGE A. YANTHIS, U.S.M.J.