UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DONNY SINKOV, as Administrator of the Estate of    Docket No.: 07-CIV-2866
Spencer E. Sinkov, deceased, DONNY A. SINKOV, and                (CS)(GAY)
HARA SINKOV,

                      Plaintiffs,          **DECLARATION OF**
                                                         **TIMOTHY P. COON**
  -against-                                  **IN SUPPORT OF**
                                                         **DEFENDANT AMERICOR'S**
DONALD B. SMITH, individually and in his official  **MOTION FOR**
capacity as Sheriff of Putnam County, JOSPEH A.  **SUMMARY JUDGMENT**
VASATURO, individually, LOUIS G. LAPOLLA,
individually, THE COUNTY OF PUTNAM, New York,
and AMERICOR, INC.,

                      Defendants.
----------------------------------------------------------------x

    **TIMOTHY P. COON**, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms, under penalty of perjury, the following:

    1.    I am a member of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, ("Wilson Elser") attorneys for the Defendant AmeriCor, Inc. As such, I am fully familiar with the facts and circumstances herein based on personal knowledge and the file maintained by this office.

    2.    This declaration is submitted in support of AMERICOR, INC's motion for entry of an Order, pursuant to 28 U.S.C. § 1292[b], of Certification of the July 28, 2008 order of this Court, which denied AMERICOR, INC.'s motion which sought dismissal of the plaintiff's claims under 42 U.S.C. § 1983, (See July 28, 2008 Memorandum Decision and Order annexed as **Exhibit "A"**), for interlocutory appeal. Certification of this order for interlocutory appeal is warranted because all of the requirements for certification, delineated in 28 U.S.C. § 1292[b], have been met.

    3.    This action arises out of the suicide of Spenser Sinkov ("Sinkov") on May 20, 2006, which occurred while he was incarcerated in the Putnam County Correctional Facility.

Sinkov's parents, Donny and Hara Sinkov, commenced this action on their behalf as well on behalf of Sinkov's estate pursuant to 42 U.S.C. §1983 for an alleged violation of Sinkov's Fourteenth Amendment rights. They also assert state law claims for negligence and wrongful death.

4. On or about May 7, 2008, AmeriCor, Inc. ("AmeriCor") filed a Rule 56 motion seeking dismissal of the plaintiffs' 42 U.S.C. §1983 claim. The motion was fully submitted on June 13, 2008.

5. In the interim, plaintiff Hara Sinkov passed away. On July 14, 2008, the plaintiffs filed a motion to substitute a party. There is no decision on this motion.

6. Oral argument on the summary judgment motions took place on July 24, 2008. Pursuant to 28 U.S.C. § 636(c) the parties consented to allow Magistrate Judge George A. Yanthis hear and decide the motion, with the proviso that all rights to appeal the decision remain intact as if the decision were rendered by a District Court Judge.

7. On or about July 28, 2008, Magistrate Judge George A. Yanthis issued a decision denying AmeriCor's Rule 56 motion. In denying the motion, Magistrate Judge George A. Yanthis simply stated, "…a review of the entire record indicates numerous triable issues of fact including, but not limited to, whether the *defendants* were deliberately indifferent." (Emphasis added).

8. At the time of submission of AmeriCor's motion, a Rule 56 motion was also filed by Donald B. Smith, individually and in his official capacity as Sheriff of Putnam County (represented by Miranda Sokoloff Sambursky Slone Verveniotis LLP) and a motion was filed by Joseph A. Vasaturo, individually, Louis G. LaPolla, individually, The County of Putnam (represented by Santangelo Randazzo & Mangone, LLP). It is clear from a review of the papers

that the operative facts and duties and responsibilities of each of these defendants were vastly different.

9. In rendering its decision, this Court addressed only one of the issues raised by each of the defendants, i.e. whether the defendants were deliberately indifferent. However, there is no indication which facts are allegedly in contest, nor is there any indication as to why, despite a showing the contrary, that the well established case law cited to by AmeriCor did not warrant a dismissal of the plaintiffs' 42 U.S.C. §1983 claim.

10. Pursuant to 28 U.S.C. §1292[b], a District Court is empowered to certify one of its orders for interlocutory appeal if the party seeking certification can show that the order it seeks to appeal "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation" (28 U.S.C. § 1292[b]). Paramount among the three requirements of section 1292[b] is the probability that immediate appellate review will materially advance the ultimate termination of the litigation (see Fisons Ltd. v. United States, 458 F.2d 1241, 1248 [7th Cir.], *cert. denied*, 405 U.S. 1041 [1972]).

11. As will be demonstrated more fully in the accompanying memorandum of law, the instant order sought to be appealed satisfies all of the requirements of 28 U.S.C. § 1292 [b]. Specifically, the question of law at issue most certainly controls this controversy; Whether AmeriCor was deliberately indifferent such that a 42 U.S.C. § 1983 was violated? The papers submitted clearly indicate that the answer is no. Additionally, there is a substantial difference of opinion in this district and across the country with respect to this issue. Finally, resolution of this issue by the court of appeals would materially advance the ultimate termination of this case by allowing this major controversy to be resolved promptly. While a dismissal of the plaintiffs'

civil rights claim would leave a state law negligence claim against AmeriCor, it is respectfully requested that the issue be reviewed by this Court nonetheless as we request the Court to use its discretion under 28 USC § 1367 to decline to exercise supplemental jurisdiction over the remaining state claim.

12. As a result, it is respectfully requested that this Court grant AmeriCor's motion and certify its order of July 28, 2008, which denied AmeriCor's motion for dismissal of the plaintiffs' 42 U.S.C. § 1983 action, for interlocutory appeal.

Dated: White Plains, New York
August 8, 2008

Respectfully submitted,

By: _____
TIMOTHY P. COON (TC 3357)

2070194.1