UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DONNY A. SINKOV, as Administrator of the Estate of     CIVIL ACTION NO.
Spencer E. Sinkov, deceased, DONNY A. SINKOV, and     07 Civ. 2866, (CLB)
HARA SINKOV,

                 Plaintiffs,

   - against -

DONALD B. SMITH, individually and in his official
capacity as Sheriff of Putnam County, JOSEPH A.
VASATURO, individually, LOUIS G. LAPOLLA,
individually, THE COUNTY OF PUTNAM, New York,
and AMERICOR, INC.,

                 Defendants.
------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF AMERICOR, INC.'s MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendant
AMERICOR, INC.
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000

Of Counsel:    Timothy P. Coon
                 Bernice E. Margolis

2075967.1

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT .............................................................................................2

ARGUMENT

    THE COURT'S ORDER OF JULY 28, 2008 MUST BE CERTIFIED FOR AN INTERLOCUTORY APPEAL BECAUSE THE THREE PREREQUISITES FOR CERTIFICATION DELINIATED BY 28 U.S.C §1292(b) HAVE BEEN MET ..................................................................................3

    The Instant Order Involves a Controlling Question.........................................4

    The Instant Order also Concerns a Substantial Ground for Difference of Opinion...............................................................................................................5

    Resolution of this Issue by the Second Circuit Court of Appeals Would Materially Advance the Ultimate Termination of this Case ...........................6

CONCLUSION .........................................................................................................7

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Brown v. G.W. Harris*, 240 F.3d 383 (4th Cir. 2000) ............................................................. 5

*Cooke ex.rel. Estate of Tessier v. Sherriff of Monroe County*, 402 F.3d
   1092 (11th Cir. 2005) ........................................................................................................ 5

*Department of Economic Development v. Arthur Andersen & Co.*, 683
   F.Supp. 1463 (S.D.N.Y.1988) .......................................................................................... 4

*In re Duplan Corp.*, 591 F.2d 139, (2nd Cir.1978) ................................................................. 3

*Fisons Ltd. v. United States*, 458 F.2d 1241 (7th Cir. 1972) ................................................. 3

*Kelsey v. City of New York*, 2006 WL 3725543 (E.D.N.Y.) ................................................. 6

*Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21 (2nd Cir.1990) ......................................... 4

*Leasco Data Processing Equipment Corp. v. Maxwell*, 468 F.2d 1326, (2nd
   Cir.1972) ........................................................................................................................... 4

*Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998) ....................................................................... 5

*McNeil v. Aguilos*, 820 F.Supp. 77 (S.D.N.Y.1993) .............................................................. 4

*People Who Care v. Rockford Board of Education District No. 205*, 921
   F.2d 132 (7th Cir.1991) .................................................................................................... 6

*Shipping Corp. of India, Ltd. v. American Bureau of Shipping*, 752
   F.Supp. 173 (S.D.N.Y.1990) ........................................................................................ 4, 5

## FEDERAL STATUTES

42 U.S.C. § 1983 ............................................................................................................ passim

28 U.S.C. § 1292[b] ....................................................................................................... passim

28 U.S.C. § 1367 ..................................................................................................................... 4

## PRELIMINARY STATEMENT

This action arises out of the suicide of Spenser Sinkov ("Sinkov") on May 20, 2006, which occurred while he was incarcerated in the Putnam County Correctional Facility. Sinkov's parents, Donny and Hara Sinkov, commenced this action on their behalf as well on behalf of Sinkov's estate pursuant to 42 U.S.C. §1983 for an alleged violation of Sinkov's Fourteenth Amendment rights. They also assert state law claims for negligence and wrongful death. There is absolutely no evidence that AmeriCor was deliberately indifferent to the needs of the decedent such that a viable 42 U.S.C. §1983 can exist.

In July of 2008, AmeriCor, Inc. moved for summary judgment seeking dismissal of the plaintiffs' 42 U.S.C. §1983 as the undisputed facts illustrated that AmeriCor was not deliberately indifferent to the decedent. In an order dated July 28, 2008, this motion was denied.

For the reasons set forth below, the July 28, 2008 order must be certified for an interlocutory appeal to the Second Circuit Court of Appeals. Indeed, the instant case presents an "exceptional case" in which immediate interlocutory appeal should be permitted, in that this Court's order denying AmeriCor's motion to dismiss involves a controlling question of law, specifically, whether the actions of AmeriCor, a medical provider, rise to the level of deliberate indifference as a matter of law. It is also clear that "there is substantial ground for difference of opinion" since the Southern District has little case law on this issue and there is a multitude of authority in both the Eastern District as well as Circuit Courts outside of New York State. Finally, certification will "materially advance the ultimate termination of the litigation" because if this court was incorrect in its conclusion that questions of fact exist concerning whether AmeriCor was deliberately indifferent, AmeriCor is entitled to an immediate dismissal, terminating the federal law case asserted against it.

2075967.1

## POINT I

**THIS COURT'S ORDER OF JULY 28, 2008 MUST BE CERTIFIED FOR AN INTERLOCUTORY APPEAL BECAUSE THE THREE PREREQUISITES FOR CERTIFICATION, DELINEATED IN 28 U.S.C. 1292[b], HAVE BEEN MET.**

*The Applicable Law*

In order for a district court to certify one of its orders for interlocutory appeal, the party seeking certification must show that the order it seeks to appeal "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation" (28 U.S.C. § 1292[b]). The overriding factor among these three requirements is the likelihood that immediate appellate review will materially advance the ultimate termination of the litigation (see Fisons Ltd. v. United States, 458 F.2d 1241, 1248 [7th Cir.], *cert. denied*, 405 U.S. 1041 [1972]). Indeed, the Second Circuit has noted that "[t]he courts have tended to make the 'controlling question' requirement one with the requirement that its determination 'may materially advance the ultimate termination of the litigation' and that '[t]he critical requirement is that [an interlocutory appeal] have the potential for substantially accelerating the disposition of the litigation' " (In re Duplan Corp., 591 F.2d 139, 148 n. 11 [2d Cir.1978] quoting 9 Moore, Federal Practice, ¶ 110.22[2] at 260 [1975]). At bar, all four elements are satisfied and as a result, AmeriCor's motion for an order pursuant to 28 U.S.C. § 1292 must be granted.

*The Instant Order Involves a Controlling Question of Law*

A question of law is "controlling" if "reversal of the district court's order would terminate the action" (Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 [2d Cir.1990]). For instance, questions of in personam and subject matter jurisdiction warrant certification under section 1292[b] because their resolution may dispose of a case (Id.; see also Leasco Data Processing Equipment Corp. v. Maxwell, 468 F.2d 1326, 1330 [2d Cir.1972]). At bar, appellate reversal of the Order denying AmeriCor's motion for summary judgment would terminate the litigation as the plaintiffs' 42 U.S.C. §1983 claim would be dismissed against AmeriCor and the Court could then use its discretion under 28 USC § 1367 to decline to exercise supplemental jurisdiction over the remaining state claim. Specifically, should this case be certified for interlocutory appeal, the issue before the Second Circuit Court of Appeals will be whether the defendant AmeriCor was deliberately indifferent such that the decedent's constitutional rights were violated? A review of the original motion papers illustrates the clear answer is no. If the Second Circuit reverses this Court's decision and finds that AmeriCor was not deliberately indifferent, that would mean that AmeriCor could not be held liable to the plaintiffs for an alleged civil rights violation. Because the Second Circuit's resolution of this issue will dispose of this case with respect to AmeriCor, this case undeniably involves a controlling issue of law.

A question can also be "controlling" if it substantially affects a large number of cases (Shipping Corp. of India, Ltd. v. American Bureau of Shipping, 752 F.Supp. 173, 175 [S.D.N.Y.1990] [Motley, J.]; McNeil v. Aguilos, 820 F.Supp. 77, 79 [S.D.N.Y.1993]; Dep't of Economic Dev. v. Arthur Andersen & Co., 683 F.Supp. 1463, 1487 [S.D.N.Y.1988]). Here, and as will be discussed more fully in the forthcoming discussion, because there is conflicting differences within both the state and federal courts with respect to this issue, it is clear that

4

immediate appellate review of the order in this case would affect many other cases. Thus, the first element of 28 § USCA 1292 is fully satisfied.

*The Instant Order Also Concerns A*
*Substantial Ground for Difference of Opinion*

A "substantial ground for difference of opinion" exists when the party seeking certification can demonstrate that there exists substantial doubt about the law (Shipping Corp., 752 F.Supp. at 175). Here, there is a substantial difference of opinion within the district courts of the Second Circuit, and indeed across the country, on the issue of whether an entity, such as AmeriCor can be held to be deliberately indifferent based solely on the facts of this case, and thus, this prong is readily satisfied as well. Specifically, in the following cases from district courts outside of the Second Circuit, these courts have held that the fact that the decedent committed suicide is not probative of this issue. Id. at 796. *See also,* In Cooke ex.rel. Estate of Tessier v. Sherriff of Monroe County, 402 F.3d 1092 (11th Cir. 2005)(a failure to prevent suicide is not held to constitute deliberate indifference). The question is not whether, in hindsight, all that could have been done was done; rather the inquiry must be whether the defendant met the constitutional requirements. Id. at 797. Indifference is apathy or unconcern. Id. at 797. In the presence of implemented precautionary procedures (i.e. repeated conversations and observations, implementation of a 15 minute watch and the preparation of a Mental Health Referral Form) a defendant cannot be held to be deliberately indifferent. Id. at. 797. *See,* Liebe v. Norton, 157 F.3d 574, 577 (8th Cir. 1998)(a court must focus on the precautionary action taken, not those that could have been taken). *See also,* Brown v. G.W. Harris, 240 F.3d 383 (4th Cir. 2000)(Placing an inmate at risk for suicide on a less than constant watch was not deliberately indifferent. The fact that other action could have been taken does not negate the actions that were taken. Negligence

5

is not deliberate indifference); Kelsey v. City of New York, 2006 WL 3725543 (E.D.N.Y. 2006)(where affirmative actions are taken to prevent suicide, deliberate indifference is lacking, even in the face of potentially negligent actions).

In contrast, there is limited case law in both the Eastern and Southern Districts of New York. In the Eastern District, the court held where affirmative actions are taken to prevent suicide, deliberate indifference is lacking, even in the face of potentially negligent actions. *Kelsey v. City of New York*, 2006 WL 3725543 (E.D.N.Y. 2006). Yet, this law was not applied to the facts of this case. The Southern District case law is virtually silent concerning facts similar to this case. Nevertheless, the aforementioned courts all reached decisions which are inconsistent with this Court's July 28, 2008 order.

Indeed, before this Court's July 28, 2008 Order, there seemed to be agreement amongst the courts of the Southern and Eastern Districts of New York, as well as other Circuits, that where affirmative actions are taken to prevent suicide, deliberate indifference is lacking, even in the face of potentially negligent actions. As such, a claim pursuant to 42 U.S.C. §1983. Based on the foregoing, it is clear that substantial doubt exists with respect to this issue of law. Because uniformity of law is preferable to the uncertainty caused by the now conflicting decisions within the same judicial district, appellate review of this issue by the Second Circuit Court of Appeals is imperative.

***Resolution of This Issue by the Second Circuit Court***
***Of Appeals Would Materially Advance the Ultimate***
***Termination of This Case***

Finally, for certification to be appropriate, the district court must be of the opinion that immediate appeal of an order will literally accelerate the action as a whole (cf. People Who Care v. Rockford Bd. of Education Dist. No. 205, 921 F.2d 132 [7th Cir.1991] [holding that resolution

6

2075967.1

on appeal of ancillary issue of attorney's fees would not materially advance litigation]). At bar, if the Second Circuit reverses this Court's July 28, 2008 decision, and finds that AmeriCor was not deliberately indifferent, AmeriCor is entitled to a dismissal, terminating the plaintiffs' case with respect to it.

Based on the foregoing, it is clear that this decision presents just the type of circumstances which warrant immediate appellate review and as a result, it is respectfully requested that this matter be certified for interlocutory appeal pursuant to 28 U.S.C.§ 1292[b].

## CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that this Court grant AmeriCor's motion for entry of an Order, pursuant to 28 U.S.C. § 1292[b], of Certification of the July 28, 2008 order of this Court, which denied AmeriCor's motion for summary judgment, for interlocutory appeal. It is further submitted that this Court issue a stay of all proceedings until the Second Circuit Court of Appeals resolves the issue that will be the subject of this interlocutory appeal

Dated: New York, New York
       August 8, 2008

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Timothy P. Coon (TC 3357)
Bernice E. Margolis (BM0702)
Attorneys for Defendant
AmeriCor, Inc.
3 Gannet Drive
White Plains, New York 10604
(914) 323-7000

7