UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
DONNY A. SINKOV, as Administrator of the Estate of     CIVIL ACTION NO.
Spencer E. Sinkov, deceased, DONNY A. SINKOV, and     07 Civ. 2866, (CS)(GAY)
HARA SINKOV,

                 Plaintiffs,

   - against -

DONALD B. SMITH, individually and in his official
capacity as Sheriff of Putnam County, JOSEPH A.
VASATURO, individually, LOUIS G. LAPOLLA,
individually, THE COUNTY OF PUTNAM, New York,
and AMERICOR, INC.,

                 Defendants.
-------------------------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF REARGUMENT AND RECONSIDERATION OF THE DENIAL OF AMERICOR INC.'s MOTION FOR SUMMARY JUDGMENT


Respectfully submitted,


**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendant
AMERICOR, INC.
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000


Of Counsel:   Timothy P. Coon
                 Bernice E. Margolis


2071751.1

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................ii

INTRODUCTION.................................................................................................................2

PERTINENT PRIOR PROCEEDINGS.................................................................................2

PERTINENT FACTS ............................................................................................................2

SUMMARY OF THE ARGUMENT ....................................................................................3

ARGUMENT

       THE COURT SHOULD GRANT REARGUMENT OF AMERICOR'S MOTION FOR SUMMARY JUDGMENT WHICH SOUGHT DISMISSAL OF THE PLAINTIFFS' 42 U.S.C. §1983 CLAIMS ..................................................................4

       THE COURT SHOULD RECONSIDER ITS ORDER DENYING AMERICOR'S MOTION FOR SUMMARY JUDGMENT AND UPON RECONSIDERATION, THE MOTION SHOULD BE GRANTED IN ITS ENTIRETY..........................................4

       A)    The Court Overlooked the Legal Authority and Uncontested Evidence that warranted a dismissal of the plaintiffs' 42 U.S.C. §1983 claim against AmeriCor..................................................................5

              1) The Court Overlooked the Legal Authority..............................................5

              2)    It is respectfully submitted the Court Overlooked the Undisputed Facts..............................................7

CONCLUSION ...................................................................................................................14

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Brown v. G.W. Harris*, 240 F.3d 383 (4th Cir. 2000) ............................................................. 6

*Cooke ex.rel. Estate of Tessier v. Sherriff of Monroe County*, 402 F.3d 1092 (11th Cir. 2005) .................................................................................................. 6

*Cuoco v. Kenneth Moritsugu, et. al.*, 222 F.3d 99 (2nd Cir. 2000) ........................................ 5

*Farmer v. Brennan*, 511 U.S. 825 (1994) .............................................................................. 5

*Kelsey v. City of New York*, 2006 WL 3725543 (E.D.N.Y. 2006) ......................................... 6

*Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998) ...................................................................... 6

*Lotze v. Hoke*, 654 F.Supp. 605 (E.D.N.Y. 1987) ................................................................. 4

*Mikol v. Barnhart*, 2008 U.S.Dist. LEXIS 39779 (S.D.N.Y. 2008) ...................................... 4

*Novak v. County of Wood*, 226 F.3d 525 (7th Cir. 2000) ...................................................... 6

*Roy Morser v. AT & T Information Systems*, 715 F.Supp. 516 (S.D.N.Y. 1989) ................................................................................................................................ 4

*Verbeek v. Teller*, 158 F.Supp.2d 267 .................................................................................. i

## FEDERAL STATUTES

42 U.S.C. §1983 ............................................................................................................ passim

## INTRODUCTION

Defendant, AmeriCor, Inc. ("AmeriCor") respectfully submits this memorandum of law in support of its motion for reconsideration of the Court's Memorandum Decision and Order, dated July 28, 2008 ("Decision"), insofar as it denied its motion for summary judgment.

## PERTINENT PRIOR PROCEEDINGS

Plaintiffs, Donny A. Sinkov, as Administrator of the Estate of Spenser E. Sinkov, deceased, Donny A. Sinkov and Hara Sinkov, filed a summons complaint on April 10, 2007. On May 7, 2008, AmeriCor made a motion for summary judgment. The plaintiffs opposed the motion on May 28, 2008 and AmeriCor submitted a reply on June 13, 2008. The Court heard oral argument on July 23, 2008. On July 28, 2008, the Court issued the Decision denying AmeriCor's motion.

## PERTINENT FACTS

This action arises out of the suicide of Spenser Sinkov ("Sinkov") on May 20, 2006, which occurred while he was incarcerated in the Putnam County Correctional Facility. Sinkov's parents, Donny and Hara Sinkov, commenced this action on their behalf as well on behalf of Sinkov's estate pursuant to 42 U.S.C. §1983 for an alleged violation of Sinkov's Fourteenth Amendment rights. They also assert state law claims for negligence and wrongful death. There is absolutely no evidence that AmeriCor was deliberately indifferent to the needs of the decedent such that the plaintiffs can maintain a claim under 42 U.S.C. §1983. The pertinent facts to AmeriCor's motion for reargument and reconsideration are set forth in its original Rule 56.1 Statement of Facts and Counter Statement of Facts.

## SUMMARY OF ARGUMENT

AmeriCor, Inc. moved for summary judgment on the grounds, *inter alia*, that the applicable law and the undisputed evidence demonstrates that AmeriCor was not deliberately indifferent to the needs of the decedent such that a claim pursuant to 42 U.S.C. §1983 can lie, and is therefore entitled to summary judgment dismissing the plaintiffs' federal claims.

In its denial of AmeriCor's motion, without identifying same, the Court found triable issues of material fact with respect to this issue as against all defendants. However, in doing so, the Court overlooked that the alleged facts upon which the plaintiffs relied upon to avoid dismissal of their 42 U.S.C. §1983 claim against AmeriCor are (1) a different set of facts from those against the co-defendants (i.e. the Sherriff, the County of Putnam and the individually named defendants) and (2) based on nothing more than mere speculation and finding no support in the record, while other assertions require an expert opinion for which the plaintiffs did not and cannot provide such an opinion.

Further, in reaching its conclusion, the Court overlooked the uncontroverted evidence that there is no interpretation of the evidence, based upon the record facts applicable to AmeriCor, Inc., upon which a reasonable jury could find that AmeriCor was deliberately indifferent.

Additionally, in denying AmeriCor's motion seeking dismissal of the 42 U.S.C. §1983 claim asserted against it, the Court overlooked the clear authority before the Court that a defendant cannot be held to have been deliberately indifferent unless it knows of and disregards an excessive risk to inmate health or safety. A defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm

3

exists, and the defendant must also draw the inference. Finally, the Court overlooked the well established case law that a failure to prevent suicide alone does not constitute deliberate indifference, and where precautionary measures were taken, whether those measures were successful or not, deliberate indifference cannot be found.

## ARGUMENT

### THE COURT SHOULD GRANT REARGUMENT OF AMERICOR'S MOTION FOR SUMMARY JUDGMENT WHICH SOUGHT DISMISSAL OF THE PLAINTIFFS' 42 U.S.C. §1983 CLAIMS

A court should grant a motion to reargue when the moving party presents matters or controlling decisions the court may have overlooked that might materially have influenced its earlier decision. *Roy Morser v. AT & T Information Systems*, 715 F. Supp. 516; 1989 U.S. Dist. LEXIS 6435 (S.D.N.Y. 1989). The standards that apply to motions to reargue also apply to *Rule 59(e)* motions to alter or amend the judgment. *See Lotze v. Hoke, 654 F. Supp. 605, 607 (E.D.N.Y. 1987)*(Reconsideration is proper if the Court's decision is ambiguous).

Applying this standard to the denial of AmeriCor's motion for summary judgment, reargument is warranted, and upon reargument, the Court should grant AmeriCor's motion in its entirety.

### THE COURT SHOULD RECONSIDER ITS ORDER DENYING AMERICOR'S MOTION FOR SUMMARY JUDGMENT, AND UPON RECONSIDERATION THE MOTION SHOULD BE GRANTED IN ITS ENTIRETY

A motion for reconsideration may be granted if the "'court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered might have reasonably altered the result before the court.'" *Mikol v. Barnhart*, 2008 U.S. Dist. LEXIS 39779, at *4 (S.D.N.Y. May 16,

4

2008) (Conner, J.), quoting *Greenwald v. Orb Comms. & Mktg, Inc.*, 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003). "'Alternatively, a movant can prevail on a motion for reconsideration if he demonstrates 'the need to correct a clear error or prevent manifest injustice.'" *Id.*, at *10, quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp.2d 365, 368 (S.D.N.Y. 1999). Applying these standards to the denial of AmeriCor's motion for summary judgment, reconsideration is warranted, and upon reconsideration the Court should grant summary judgment dismissing the plaintiffs' 42 U.S.C. §1983 claims against AmeriCor.

A. **The Court Overlooked the Legal Authority and Uncontested Evidence that warranted a dismissal of the plaintiffs' 42 U.S.C. §1983 claim against AmeriCor, Inc.**

   1. **The Court Overlooked the Legal Authority**

In denying AmeriCor's motion seeking dismissal of the 42 U.S.C. §1983 asserted against it, AmeriCor respectfully submits that the Court overlooked the clear authority before it that deliberate indifference is more than negligence but less than the purposeful or knowing infliction of harm. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). The standard requires that there is knowledge of and a disregard of a substantial risk of serious harm to inmate health or safety. *Id.* at 837. This standard is subjective, and it is not enough to say that there was an objective danger of which an official should have been aware. A defendant acts with the requisite deliberate indifference when he/she/it "knows of and disregards an excessive risk to inmate health or safety". The defendant must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Cuoco v. Kenneth Moritsugu, et. al.*, 222 F.3d 99 (2nd Cir. 2000) *citing* *Chance v. Armstrong*, 143 F.3d 698,

5

702 (2d Cir. 1998)(*quoting*, Farmer, 511 U.S. at 837). As the decedent exhibited no behavior that would have put AmeriCor on notice that there was a significant likelihood that the decedent would hurt himself, AmeriCor cannot be said to have been deliberately indifferent to the needs of the decedent. *See*, Novak v. County of Wood, 226 F.3d 525 (7th Cir. 2000).

Further, and perhaps most importantly, the fact that the decedent committed suicide is not probative on this issue. Id. at 796. *See also,* In Cooke ex.rel. Estate of Tessier v. Sherriff of Monroe County, 402 F.3d 1092 (11th Cir. 2005)(a failure to prevent suicide is not held to constitute deliberate indifference). The question is not whether, in hindsight, all that could have been done was done; rather the inquiry must be whether the defendant met the constitutional requirements. Id. at 797. Indifference is apathy or unconcern. Id. at 797. In the presence of implemented precautionary procedures (i.e. repeated conversations and observations, 15 minute watch and the preparation of a Mental Health Referral Form) AmeriCor cannot be held to have been deliberately indifferent. Id. at. 797. *See,* Liebe v. Norton, 157 F.3d 574, 577 (8th Cir. 1998)(a court must focus on the precautionary action taken, not those that could have been taken). *See also*, Brown v. G.W. Harris, 240 F.3d 383 (4th Cir. 2000)(Placing a inmate at risk for suicide on a less than constant watch was not deliberately indifferent. The fact that other action could have been taken does not negate the actions that were taken. Negligence is not deliberate indifference); Kelsey v. City of New York, 2006 WL 3725543 (E.D.N.Y. 2006)(where affirmative actions are taken to prevent suicide, deliberate indifference is lacking, even in the face of potentially negligent actions).

The aforementioned legal authority, combined with the undisputed facts as set forth below, clearly illustrate why AmeriCor's motion for summary judgment should have granted. Respectfully, had the Court not overlooked the controlling case law, it would have resulted in a dismissal of the plaintiffs' Civil Rights claim against AmeriCor. As such, it is respectfully requested that the Court allow reargument and thus, should reconsider its conclusion and grant summary judgment in favor of AmeriCor, Inc..

**2.     It is respectfully submitted that Court Overlooked the Undisputed facts**

In reaching its decision, the Court overlooked the uncontroverted record evidence that AmeriCor, Inc, was not and could not have been deliberately indifferent to the decedent such that a 42 U.S.C. §1983 claim can lie.

The following facts are undisputed, and were overlooked by the Court, and thus form the basis for dismissal as mandated by case law:

When the decedent arrived at Central Booking his mood was lighthearted and he was joking with the corrections officers. (See Deposition Transcript of Corrections Officer Joseph Vasaturo, Page 123, Lines 13-17, annexed to the Declaration of Adam I. Kleinberg as Exhibit "F"). At that time there was no an indication the decedent would hurt himself. (See Deposition Transcript of Corrections Officer Joseph Vasaturo, Page 127, Lines 3-16, annexed to the Declaration of Adam I. Kleinberg as Exhibit "F"). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Page 54, ¶8).

Sergeant LaPolla met Sinkov during the intake process. The decedent's heroin use was discussed. He was asked if he was going to have problems with withdrawal and

the decedent replied "no." (See Deposition Transcript of Sergeant Louis LaPolla, Pages 57-58, Lines 17-25, 1-10, annexed to the Declaration of Adam I. Kleinberg as Exhibit "G"). The decedent looked okay and exhibited no symptoms of withdrawal. (See Deposition Transcript of Sergeant Louis LaPolla, Page 61, Lines 15-24, annexed to the Declaration of Adam I. Kleinberg as Exhibit "G"). Sinkov did not express any suicidal ideations. (See Deposition Transcript of Sergeant Louis LaPolla, Page 79, Lines 21-25, annexed to the Declaration of Adam I. Kleinberg as Exhibit "G"). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Page 55, ¶9).

Vasaturo completed the screening intake, including the completion of the Putnam County Correctional Facility Suicide Prevention Screening Guidelines Form SOJ-32. ("Suicide Screening") (See Deposition Transcript of Corrections Officer Joseph Vasaturo, Page 128, Lines 7-8, annexed to the Declaration of Adam I. Kleinberg as Exhibit "F"). (See also Suicide Screening Form of Spencer Sinkov, annexed to the Declaration of Adam I. Kleinberg as Exhibit "P"). No one assisted him. (See Deposition Transcript of Corrections Officer Joseph Vasaturo, Page 128, Lines 9-10, annexed to the Declaration of Adam I. Kleinberg as Exhibit "F"). After completing the screening intake, he verbally notified LaPolla that he was placing the decedent on a 15-minute watch and he was placing him in cell 7. He told LaPolla he was doing so due to medical screening and answers provided on the suicide screening. At no time did Sergeant LaPolla change the assignment. (See Deposition Transcript of Corrections Officer Joseph Vasaturo, Page 129, Lines 18-24, Page 130, Lines 12-18, annexed to the Declaration of Adam I.

8

Kleinberg as Exhibit "F"). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Page 55, ¶10).

When Vasaturo asked the decedent if he was going to hurt himself, the decedent replied, "No." (See Deposition Transcript of Corrections Officer Joseph Vasaturo, Page 137, Lines 5-10, annexed to the Declaration of Adam I. Kleinberg as Exhibit "F"). With respect to his physical appearance, Vasaturo stated that the decedent looked "normal." (See Deposition Transcript of Corrections Officer Joseph Vasaturo, Page 138, Lines 10-12, annexed to the Declaration of Adam I. Kleinberg as Exhibit "F"). He found the decedent to be coherent, and did not believe he was under the influence at the time. (See Deposition Transcript of Corrections Officer Joseph Vasaturo, Page 149, Lines 1-7, 22-23, annexed to the Declaration of Adam I. Kleinberg as Exhibit "F"). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Page 56, ¶11).

The decedent had a score of ten with more than one shaded box on the suicide screen performed by Vasaturo. (See Suicide Screening Form of Spencer Sinkov annexed to the Declaration of Adam I. Kleinberg as Exhibit "P"). Despite the requirement to do so, Vasaturo failed to notify his supervisor. (See Suicide Screening Form of Spenser Sinkov, annexed to the Declaration of Adam I. Kleinberg as Exhibit "P"). (See also, Deposition Transcript of Corrections Officer Joseph Vasaturo, Page 155, Lines 11-16, annexed to the Declaration of Adam I. Kleinberg as Exhibit "F"). (See also, Putnam County Policy Article 15, Mental Health Evaluation and Service, annexed to the Declaration of Adam I. Kleinberg as Exhibit "T"). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Page 56, ¶12).

9

2071751.1

Vasaturo alone determined that the decedent was to be placed on a 15-minute watch. (See Deposition Transcript of Corrections Officer Joseph Vasaturo, Page 170, Lines 7-10, annexed to the Declaration of Adam I. Kleinberg as Exhibit "F"). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Page 56, ¶13).

AmeriCor did not have any role in determining the level of supervision with respect to a possible suicide risk. (See Deposition Transcript of Captain Robert LeFever, Page 58-59, Lines 25, 1-16, annexed to the Declaration of Timothy P. Coon as Exhibit "A"). (See also Deposition Transcript of Sergeant Louis LaPolla, Page 29, Lines 9-14, annexed to the Declaration of Adam I. Kleinberg as Exhibit "G"). Further, PCCF was not required to notify AmeriCor when and if an inmate scored an eight or higher on the suicide screening. (See Deposition Transcript of Captain Robert LeFever, Page 153-4, Lines 24-25, 1-5, annexed to the Declaration of Timothy P. Coon as Exhibit "A"). (See also, Deposition Transcript of Corrections Officer Robert Wendover, Page 47-48, Lines 21-25, 1-3, annexed to the Declaration of Adam I. Kleinberg as Exhibit "V"). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Pages 56-57, ¶14).

At no time prior to the suicide of the decedent was AmeriCor required to fill out or review the suicide screening form. AmeriCor's review, if any, of the suicide screening form was not related to content, but rather was part and parcel of an overall intake medical packet which was reviewed to ensure the form was completed. (See Deposition Transcript of Peter Clarke, Page 32, Lines 8-12, annexed as Exhibit "D" to the Declaration of Timothy P. Coon). What level of supervision that was to be assigned for

an incoming inmate was the responsibility of the PCCF. (See Deposition Transcript of Peter Clarke, Pages 19-20, annexed as Exhibit "D" to the Declaration of Timothy P. Coon). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Pages 14, ¶32).

AmeriCor's role was to provide medical services to the inmates. AmeriCor would do an initial screening at booking to ensure that an inmate was medically fit to be admitted into the facility. Then, within the first 24 hours, a more comprehensive screening is done at the medical office. (See Deposition Transcript of Sergeant Louis LaPolla, Page 27, Lines 1-25, annexed to the Declaration of Adam I. Kleinberg as Exhibit "G"). (See also, Deposition Transcript of Corrections Officer Robert Wendover, Page 46-47, Lines 24-25, 1-20, annexed to the Declaration of Adam I. Kleinberg as Exhibit "V"). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Page 57, ¶15).

AmeriCor has no role in completing the suicide screening, nor did it ever have a role in filing out the suicide screening prior to the death of the decedent. (See Deposition Transcript of Captain Robert LeFever, Page 26, Lines 8-10, annexed to the Declaration of Timothy P. Coon as Exhibit "A"). The SOJ-32, or suicide screen, is administered by the correction officer. (See Deposition Transcript of Captain Robert LeFever, Page 29, Lines 12-17, annexed to the Declaration of Timothy P. Coon as Exhibit "A"). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Page 57, ¶16).

AmeriCor's contract with Putnam and standards set forth in the National Commission on Correctional Health Care require AmeriCor to obtain a complete history

and comprehensive physical examination within fourteen (14) days of an inmate commitment. (See relevant portions of AmeriCor Scope of Services annexed as Exhibit "C" to the Declaration of Timothy P. Coon) (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Pages 57-58, ¶17).

Sometime during the booking process, the Sinkov spoke with AmeriCor Nurse Peter Clarke. ("Nurse Clarke"). The decedent's heroin use was discussed. (See Deposition Transcript of Peter Clarke, Page 42, Lines 5-13, Page 44, Lines 22-23, annexed to the Declaration of Timothy P. Coon as Exhibit "D"). The decedent advised Nurse Clarke that he had no medical problems and that he felt fine. Nurse Clarke then advised the decedent about medical services and that if he felt sick, he should tell the officers he needed to see medical. (See Deposition Transcript of Peter Clarke, Page 43, Lines 12-22, Page 73, Lines 21-25, annexed to the Declaration of Timothy P. Coon as Exhibit "D"). At the time of this discussion the decedent was alert and oriented, had a normal gait, was non- tremulous and in good spirits (See Progress Notes, annexed to the Declaration of Timothy P. Coon as Exhibit "F"). (See also Deposition Transcript of Peter Clarke, Page 52, Lines 5-23, annexed to the Declaration of Timothy P. Coon as Exhibit "D"). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Page 58, ¶18).

During the visit the decedent had with his family, the decedent seemed fine. (See Deposition Transcript of Corrections Officer Robert Wendover, Page 51, Lines 2-4, annexed to the Declaration of Adam I. Kleinberg as Exhibit "V"). The decedent stated his withdrawal was not too bad. (See Deposition Transcript of Corrections Officer Robert Wendover, Page 56, Lines 11-18, annexed to the Declaration of Adam I.

Kleinberg as Exhibit "V"). (See also Deposition Transcript of Hara Sinkov, Page 14, Lines 11-13, annexed to the Declaration of Timothy P. Coon as Exhibit "G"). (See Deposition Transcript of Donny A. Sinkov, Page 68-69, Lines 25, 1-4, annexed to the Declaration of Timothy P. Coon as Exhibit "H"). The decedent did not express any suicidal thoughts during this visitation. (See Deposition Transcript of Donny Sinkov, Page 22-24, annexed to the Declaration of Timothy P. Coon as Exhibit "H"). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Page 58, ¶19).

After the visit the decedent encountered Nurse Waters outside of the medical office. At this time, the decedent appeared to be fine. (See Deposition Transcript of Susan Waters, Page 84, Lines 17-18, annexed to the Declaration of Timothy P. Coon as Exhibit "E"). He was without signs of withdrawal, was in good spirits and was laughing and joking around. His gait was steady and he made no complaints to Nurse Waters. (See Progress Notes, annexed to the Declaration of Timothy P. Coon as Exhibit "F"). She also filled out a Mental Health Routing Sheet. (See Deposition Transcript of Susan Waters, Page 87, Lines 19-25, annexed to the Declaration of Timothy P. Coon as Exhibit "E")(See also, Mental Health Routing Sheet, annexed to the Declaration of Timothy P. Coon as Exhibit "I"). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Page 59, ¶20).

Based upon the Court's failure to give proper consideration to these undisputed facts as they apply to AmeriCor, Inc., it is respectfully submitted that the Court incorrectly found that there were triable issues of fact which precluded a finding of summary judgment on behalf of AmeriCor, Inc. Had the Court considered these

uncontested facts, AmeriCor believes that these facts would have materially influenced its earlier decision and resulted in a judgment in its favor. As such, it is respectfully requested that the Court allow reargument and thus, should reconsider its conclusion and grant summary judgment in favor of AmeriCor, Inc.

## CONCLUSION

Reargument and reconsideration of the Court's Opinion is warranted, and upon reargument/reconsideration, the plaintiffs' 42 U.S.C. §1983 against AmeriCor, Inc. should be dismissed with prejudice.

Dated: White Plains, New York
       August 8, 2008

                                    Respectfully submitted,

                WILSON, ELSER, MOSKOWITZ, EDELMAN &
                DICKER LLP

                By: _____
                     Timothy P. Coon (TC 3357)
                     Bernice E. Margolis (BM0702)
                     Attorneys for Defendant
                     AmeriCor, Inc.
                     3 Gannet Drive
                     White Plains, New York 10604
                     (914) 323-7000
                     File No.: 07621.00174