UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DONNY A. SINKOV, as Administrator of the Estate of     CIVIL ACTION NO.
Spencer E. Sinkov, deceased, DONNY A. SINKOV, and     07 Civ. 2866, (CS)(GAY)
HARA SINKOV,

                 Plaintiffs,

    - against -

DONALD B. SMITH, individually and in his official
capacity as Sheriff of Putnam County, JOSEPH A.
VASATURO, individually, LOUIS G. LAPOLLA,
individually, THE COUNTY OF PUTNAM, New York,
and AMERICOR, INC.,

                 Defendants.
------------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF REARGUMENT AND RECONSIDERATION OF THE DENIAL OF AMERICOR INC.'s MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendant
AMERICOR, INC.
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000

Of Counsel:    Timothy P. Coon
                Bernice E. Margolis

2085550.1

# TABLE OF CONTENTS

                                                              <u>Page</u>

**TABLE OF AUTHORITIES** ...................................................................................................ii

**PRELIMINARY STATEMENT** ..............................................................................................2

**ARGUMENT**............................................................................................................................2

**POINT I**
**CONTRARY TO THE CLAIMS OF THE PLAINTIFFS, AMERICOR HAS SET FORTH MATTERS AND CONTROLLING DECISIONS THE COURT MAY HAVE OVERLOOKED THAT WOULD MATERIALLY HAVE INFLUENCED ITS EARLIER DECISION, THUS WARRANTING REARGUMENT/RECONSIDERATION** ..................................................................................2

A.  AmeriCor Identified legal precedent overlooked by this Court ......................................3

B.  AmeriCor Identified Undisputed Facts.............................................................................4

    1) Facts at Issue .................................................................................................................5

    2) The following relevant facts remain uncontroverted ...................................................5

**CONCLUSION** ......................................................................................................................14

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Brown v. G.W. Harris*, 240 F.3d 383 (4th Cir. 2000) ............................................................. 3

*City of Canton v. Harris*, 489 U.S. 378 (1989) ................................................................... 10

*Kelsey v. City of New York*, 2006 WL 3725543 (E.D.N.Y. 2006) ......................................... 3

*Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998) ...................................................................... 3

*Novak v. County of Wood*, 226 F.3d 525 (7th Cir. 2000) ................................................... 10

*Rhyne v. Henderson County*, 973 F.2d 386 (5th Cir. 1992) ............................................... 10

*Roy Morser v. AT & T Information Systems*, 715 F.Supp. 516 (S.D.N.Y. 1989) ................................................................................................................................ 2

## FEDERAL STATUTES

42 U.S.C. §1983 ............................................................................................................. passim

## PRELIMINARY STATEMENT

Defendant AmeriCor, Inc. respectfully submits this reply in further support of its motion for reconsideration of the Court's Memorandum Decision and Order, dated July 28, 2008 ("Decision"), insofar as it denied its motion for summary judgment. AmeriCor's motion should be granted in its entirety as the plaintiffs have failed to raise, through competent, admissible evidence, any a triable issue of fact which would lead to the denial of AmeriCor's motion.

## ARGUMENT

### POINT I

**CONTRARY TO THE CLAIM OF THE PLAINTIFFS, AMERICOR HAS SET FORTH MATTERS AND CONTROLLING DECISIONS THE COURT MAY HAVE OVERLOOKED THAT WOULD MATERIALLY HAVE INFLUENCED ITS EARLIER DECISION, THUS WARRANTING REARGUMENT/RECONSIDERATION**

The plaintiffs claim that AmeriCor fails to meet the standard required for a motion for reargument/reconsideration as it simply reiterates the same arguments made in its summary judgment motion. The plaintiffs' contention notwithstanding, such is not the standard. Rather, the standard is not whether the arguments are the same, but whether there were facts and/or controlling case law that the Court overlooked in reaching its initial decision. *Roy Morser v. AT & T Information Systems*, 715 F. Supp. 516; 1989 U.S. Dist. LEXIS 6435 (S.D.N.Y. 1989).

AmeriCor has made the required showing of the case law overlooked by this Court as well as uncontroverted facts the Court overlooked in making its decision. Further, it is clear upon a review of the record before this Court, as well as set forth more fully in AmeriCor's moving papers, there are no triable issues of fact concerning whether

AmeriCor was deliberately indifferent. As such, the Court should grant AmeriCor's motion for reargument/reconsideration in its entirety so that the Court can examine these issues.

### A.   AmeriCor identified legal precedent overlooked by this Court

The plaintiffs incorrectly claim that AmeriCor "has not cited to any legal precedent or controlling case overlooked by the Court." (See plaintiffs' Memorandum of Law in Opposition to Defendant AmeriCor's Motion for Reargument and Reconsideration Page 2, ¶1). However, there was an abundance of case law cited to by AmeriCor in its summary judgment papers, which, had they not been overlooked by this Court, would have resulted in a dismissal of the plaintiffs' Civil Rights claims.

After illustrating to the Court the clear authority that deliberate indifference is more than negligence but less than the purposeful or knowing infliction of harm. Farmer v. Brennan, 511 U.S. 825, 836 (1994), AmeriCor then directed the Court to a myriad of case law that stands for the proposition that a failure to prevent suicide is not deliberate indifference. In the presence of implemented precautionary procedures (i.e. repeated conversations and observations, 15 minute watch and the preparation of a Mental Health Referral Form) AmeriCor cannot be held to have been deliberately indifferent. Id. at. 797. *See,* Liebe v. Norton, 157 F.3d 574, 577 (8th Cir. 1998)(a court must focus on the precautionary action taken, not those that could have been taken). *See also*, Brown v. G.W. Harris, 240 F.3d 383 (4th Cir. 2000)(Placing a inmate at risk for suicide on a less than constant watch was not deliberately indifferent. The fact that other action could have been taken does not negate the actions that were taken. Negligence is not deliberate indifference); Kelsey v. City of New York, 2006 WL 3725543 (E.D.N.Y. 2006)(where

3

affirmative actions are taken to prevent suicide, deliberate indifference is lacking, even in the face of potentially negligent actions). The plaintiffs have not and cannot identify a single case to dispute these basic tenants of law, nor can they or did they set forth facts to illustrate why this case law in not applicable in this instance.

The legal authority, combined with the undisputed facts as set forth herein, clearly illustrate why AmeriCor's motion for summary judgment should have granted and why AmeriCor is now entitled to reargument and reconsideration.

**B.   AmeriCor Identified Undisputed Facts**

The plaintiffs claim that AmeriCor has "not cited to any undisputed facts overlooked by the Court." (See plaintiffs' Memorandum of Law in Opposition to Defendant AmeriCor's Motion for Reargument and Reconsideration Page 2, ¶2). However, a review of the papers before this Court illustrate why this statement is untrue.

All of the defendants in this matter filed and served a Rule 56 motion. However, when AmeriCor initially filed its Rule 56 motion with this Court, the Rule 56.1 statement was a mere 14 pages, with a 10 page Memorandum of Law. In response, AmeriCor received an 80+ page Counter Rule 56.1 Statement and a 50+ page memorandum of law which intentionally commingled plaintiffs' opposition against all three defendants and requiring this Court to sift through pages and pages of opposition in effort to distinguish those facts applying to AmeriCor as opposed to those asserted against the Sheriff and Putnam. The plaintiffs filed their papers in this manner in what could only be a purposeful effort to cloud the issues and facts before this Court.

However, now that plaintiffs must respond only to AmeriCor, it is plainly seen how the plaintiffs' civil rights claims cannot survive. The plaintiffs once again

4

commingle the facts in a blatant attempt to confuse the issues before the Court in an effort to maintain the action against AmeriCor.

### 1.  Facts at Issue

First, the plaintiffs ignore the thrust of AmeriCor's motion. The plaintiffs merely reargue that the decedent was suffering from a serious medical condition that was disregarded by AmeriCor. This was not the subject matter, however, of the instant motion. AmeriCor's present motion illustrates to the Court that steps were indeed taken with regard to the care of the decedent, and as such, such steps preclude deliberate indifference pursuant to well established case law. The plaintiffs do not site to a single case to support their claim that AmeriCor was deliberately indifferent, nor can they identify any facts that would make it such.

### 2.  The following relevant facts remain uncontroverted

In setting forth facts allegedly to be in contest, the plaintiffs once again misquote evidence, conveniently picking and choosing that which suits them, states "facts" that are nothing more than speculation while other "facts" require an expert opinion, yet no expert is presented. Such evidence is not sufficient to defeat summary judgment nor the instant motion.

In viewing the alleged disputed facts by the plaintiffs one by one, it is clearly seen that no dispute in fact exists:

(1)  The plaintiffs alleged that the decedent's parents testified that when they saw Spenser he looked pale with dark circles under his eyes. Nevertheless, whether the decedent looked pale or had dark circles under his eyes is not evidence that he was

5

actively withdrawing from heroin such that medical care was required. The plaintiffs have not and cannot dispute this. There is no medical expert opinion provided that being pale and having dark circles under one's eyes means one is suffering from active heroin withdrawal such that medical care is or was required.

(2) Putnam County Corrections Officer Wendover testified that two hours before the suicide he heard the decedent say that he was withdrawing from heroin. However, what the plaintiffs omit from this finding is the testimony by Officer Wendover and the **decedent's own parents** that the withdrawal was "not too bad." (See Deposition Transcript of Corrections Officer Robert Wendover, Page 56, Lines 11-18, annexed to the Declaration of Adam I. Kleinberg as Exhibit "V"). (See also Deposition Transcript of Hara Sinkov, Page 14, Lines 11-13, annexed to the Declaration of Timothy P. Coon as Exhibit "G"). (See Deposition Transcript of Donny A. Sinkov, Page 68-69, Lines 25, 1-4, annexed to the Declaration of Timothy P. Coon as Exhibit "H"). The decedent did not express any suicidal thoughts during this visitation. (See Deposition Transcript of Donny Sinkov, Page 22-24, annexed to the Declaration of Timothy P. Coon as Exhibit "H"). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Pages 57-58). Further, the decedent upon being seen by Nurse Waters did not request medical attention nor did he tell her that he was in withdrawal. (See Progress Notes, annexed to the Declaration of Timothy P. Coon as Exhibit "F" and (See Deposition Transcript of Susan Waters, Page 84, Lines 17-18, annexed to the Declaration of Timothy P. Coon as Exhibit "E").

While the plaintiffs attempt to counter this by speculating that a "first time arrestee does not openly profess to a complete stranger, who happens to also be a jail

6

2085550.1

official, that he may harm himself is not shocking..." (See plaintiffs' Memorandum of Law in Opposition to Defendant AmeriCor's Motion for Reargument and Reconsideration Page 6, ¶3), such an assertion requires an expert opinion and not merely the words of the plaintiffs' lawyer. Not only is there no lay testimony to support this bare conclusion, there is no expert testimony concerning what is an alleged norm with a first time arrestee. Such statements cannot form the basis to defeat summary judgment or this motion.

(3)   Plaintiffs claim that the suicide screening form belies any testimony from the multitude of witnesses that the decedent did not appear suicidal. Further, without evidentiary support for same, the plaintiffs make a bare allegation that Nurse Clarke reviewed the form and saw the scores the decedent received. However, it is undisputed that the suicide intake form was completed by Putnam County Corrections Officer Vasaturo (See Deposition Transcript of Corrections Officer Joseph Vasaturo, Page 128, Lines 7-8, annexed to the Declaration of Adam I. Kleinberg as Exhibit "F"). (See also Suicide Screening Form of Spencer Sinkov, annexed to the Declaration of Adam I. Kleinberg as Exhibit "P"). No one assisted him. (See Deposition Transcript of Corrections Officer Joseph Vasaturo, Page 128, Lines 9-10, annexed to the Declaration of Adam I. Kleinberg as Exhibit "F"). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Pages 55-56). Further, this form was reviewed by Nurse Clarke only to ensure it was completed. (See Deposition Transcript of Peter Clarke, Page 32, Lines 8-12, annexed as Exhibit "D" to the Declaration of Timothy P. Coon). What level of supervision that was to be assigned for an incoming inmate was the responsibility of the PCCF. (See Deposition Transcript of

Peter Clarke, Pages 19-20, annexed as Exhibit "D" to the Declaration of Timothy P. Coon). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Page 15).

(4) The plaintiffs claim that since AmeriCor's policies show that an individual experiencing withdrawal can have mild symptoms and then peak 24-72 hours and that the decedent used heroin 37 hours earlier. Further, withdrawal can be so painful that it can lead an individual to believe suicide is the only option. In the plaintiffs' minds, this somehow translates to an affirmative obligation to provide withdrawal services to the decedent which were somehow denied. This is furthest from the truth.

In paragraph 86 of the plaintiffs' Counter Rule 56.1 statement, the plaintiffs state, "the initial symptoms [of withdrawal] can include a runny nose, watery eyes, loss of appetite, hot and cold flashes, nausea, vomiting, and diarrhea (Waters Dep. p. 56; Berg Ail. Ex. 11, bates stamped Ix 518). However, withdrawing from alcohol or drugs can be so physically painful and psychologically uncomfortable that suicide may seem like the only relief available at the time (LeFever Dep. p. 75)." Yet, there is no evidence, in any form, that the decedent exhibited any of these symptoms. Further, this argument obviously fails as written, so plaintiffs' now provide this watered down version to cloud the facts.

The plaintiffs claim that AmeriCor knew he was withdrawing and should have done something. Yet, the evidence adduced and put forth before this Court clearly illustrates the contrary.

There is no evidence that decedent used heroin 37 hours earlier. The decedent revealed that he used heroin within 24 hours of his admission. The plaintiffs submit no

8

expert testimony, i.e. medical expert opinion to support a vague allegation that the decedent was suffering withdrawal such that he saw suicide as the only way out. There is no evidence that the decedent was withdrawing from heroin such that he was suffering from runny nose, watery eyes, loss of appetite, hot and cold flashes, nausea, vomiting and diarrhea or that he was in such physical pain and psychologist discomfort such that suicide was the only relief.

The testimony of the decedent's own parents belies any claim that the decedent was going through any major withdrawal symptoms such that he should have been monitored or provided with medical assistance. Once the full testimony is provided and reviewed, it is clear there is no question of fact concerning the decedent's lack of need for medical assistance prior to his suicide.

With respect to the uncontroverted testimony of Nurse Waters, she testified, as set forth in her notes that the decedent was without signs of withdrawal, was in good spirits and was laughing and joking around. His gait was steady and no complaints were made by the decedent. (See Progress Notes, annexed to the Declaration of Timothy P. Coon as Exhibit "F"). She also filled out a Mental Health Routing Sheet. (See Deposition Transcript of Susan Waters, Page 87, Lines 19-25, annexed to the Declaration of Timothy P. Coon as Exhibit "E")(See also, Mental Health Routing Sheet, annexed to the Declaration of Timothy P. Coon as **Exhibit "I"**).

(5)  State Standards/Policies Procedures

Throughout their papers, the plaintiffs set forth several paragraphs that discuss the State's "minimum standards" and how AmeriCor allegedly had failed to comply with

9

these alleged minimum standards. The plaintiffs are even so bold to state that since the State Commission of Correction mandated that a fifteen minute watch is insufficient as a method of suicide prevention and this is what was mandated here, this constitutes deliberate indifference. (See plaintiffs' Memorandum of Law in Opposition to Defendant AmeriCor's Motion for Reargument and Reconsideration Page 2, ¶1). First, the evidence is clear, as admitted to by Putnam County, that it was solely responsible for the administration of the suicide intake form. It created the form. It filed out the form with respect to the decedent and it selected the cell assignment. Secondly, the plaintiffs have not cited a single case to support the aforementioned legal conclusion. Bare allegations and legal theories not supported by the evidence or jurisprudence simply cannot form the basis to defeat the instant motion.

Nevertheless, assuming arguendo that AmeriCor did not follow State Minimum Standards, which AmeriCor denies, this still does not equal deliberate indifference. The plaintiffs fail to provide legal support for the proposition that an alleged violation of a state minimum standard equals deliberate indifference. Indeed, the case law states the opposite. Liability cannot be imposed as Section 1983 provides no remedy for an alleged failure to meet state law requirements. *See*, Novak v. County of Wood, 226 F.3d at 531-532. *See also*, Rhyne v. Henderson County, 973 F.2d 386 (5th Cir. 1992)(a failure to adopt a policy does not constitute deliberate indifference).

(6) Alleged failure to train

The plaintiffs claim that AmeriCor was deliberately indifferent in its failure to train its staff in suicide precautions with respect to the Suicide Intake Form until after the decedent's suicide. (See plaintiffs' Memorandum of Law in Opposition to Defendant

10

AmeriCor's Motion for Reargument and Reconsideration Page 10 ¶4). While AmeriCor contests the admissibility of this statement, we note that this training was not done prior to the decedent's suicide as it was not the responsibility of, nor did AmeriCor contract with the PCCF for these services at that time.

Further, the plaintiffs fail to cite to one case that stands for the proposition that an alleged failure to train equals deliberate indifference. Indeed the case law states the opposite. The appropriate question is whether the training is adequate, given the experience of the staff; and if it is not, the question becomes whether such inadequate training can justifiably be said to represent ...policy." City of Canton v. Harris, 489 U.S. 378, 390 (1989). A plaintiff must prove that the failure to train illustrates that AmeriCor acted reckless, intentionally or with gross negligence and must amount to such deliberate indifference to the rights of the inmates in order to be actionable. Id. at 423, 388.

It is only when a failure to train reflects a "deliberate" or "conscious" choice can an entity be held liable. There could be no deliberate or conscious choice here as AmeriCor was not contractually obligated to administer the Suicide Screening Form nor was it responsible for the supervision of an inmate at the time of the decedent's suicide. PCCF policies and procedures did not require corrections officers to coordinate with AmeriCor staff with respect to the Suicide Screening Form nor cell assignment based upon the results of the suicide screening form. AmeriCor cannot be held to have failed to train their staff for such a responsibility it did not undertake nor was required to take.

(7) Actions taken with respect to the decedent

The plaintiffs attempt to paint a picture that the decedent, who was arrested and charged with multiple counts of the possession and sale of heroin, was booked into the

11

Putnam County Correctional Facility and simply left in a corner to fend for himself. They want this Court to believe that he was ignored and no one did anything for him in a desperate attempt to show deliberate indifference. To the contrary, however, action was taken. As set forth above, while the actions may not have prevented a suicide, this does not equal deliberate indifference as action, however inadequate or negligent, negates deliberate indifference.

(8)   Americor's Role

The plaintiffs continually misstate AmeriCor's role to this Court. The facts relevant to AmeriCor's role are undisputed.

AmeriCor played no role in determining the level of supervision with respect to the decedent. (See Deposition Transcript of Captain Robert LeFever, Page 58-59, Lines 25, 1-16, annexed to the Declaration of Timothy P. Coon as Exhibit "A"). (See also Deposition Transcript of Sergeant Louis LaPolla, Page 29, Lines 9-14, annexed to the Declaration of Adam I. Kleinberg as Exhibit "G"). Further, PCCF was not required to notify AmeriCor when and if an inmate scored an eight or higher on the suicide screening. (See Deposition Transcript of Captain Robert LeFever, Page 153-4, Lines 24-25, 1-5, annexed to the Declaration of Timothy P. Coon as Exhibit "A"). (See also, Deposition Transcript of Corrections Officer Robert Wendover, Page 47-48, Lines 21-25, 1-3, annexed to the Declaration of Adam I. Kleinberg as Exhibit "V"). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Pages 56-57, ¶14).

At no time prior to the suicide of the decedent was AmeriCor required to fill out or review the suicide screening form. The design or selection of the form rested solely

with Putnam County. AmeriCor's review, if any, of the suicide screening form was not related to content, but rather was part and parcel of an overall intake medical packet which was reviewed to ensure the form was completed. (See Deposition Transcript of Peter Clarke, Page 32, Lines 8-12, annexed as Exhibit "D" to the Declaration of Timothy P. Coon). What level of supervision that was to be assigned for an incoming inmate was the responsibility of the PCCF. (See Deposition Transcript of Peter Clarke, Pages 19-20, annexed as Exhibit "D" to the Declaration of Timothy P. Coon). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Pages 14, ¶32).

AmeriCor's role was to provide medical services to the inmates. AmeriCor would do an initial screening at booking to ensure that an inmate was medically fit to be admitted into the facility. Then, within the first 24 hours, a more comprehensive screening is done at the medical office. (See Deposition Transcript of Sergeant Louis LaPolla, Page 27, Lines 1-25, annexed to the Declaration of Adam I. Kleinberg as Exhibit "G"). (See also, Deposition Transcript of Corrections Officer Robert Wendover, Page 46-47, Lines 24-25, 1-20, annexed to the Declaration of Adam I. Kleinberg as Exhibit "V"). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Page 57, ¶15).

AmeriCor has no role in completing the suicide screening, nor did it ever have a role in filing out the suicide screening prior to the death of the decedent[1]. (See Deposition Transcript of Captain Robert LeFever, Page 26, Lines 8-10, annexed to the Declaration of Timothy P. Coon as Exhibit "A"). The SOJ-32, or suicide screen, is

---

[1] Plaintiffs intimate that Nurse Waters had implemented suicide precautions prior to the death of Sinkov. The implication is that this was done more than once. Indeed, the testimony is that she did this one time before, and once only, under the direst of circumstances.

13

14

administered by the correction officer. (See Deposition Transcript of Captain Robert LeFever, Page 29, Lines 12-17, annexed to the Declaration of Timothy P. Coon as Exhibit "A"). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Page 57, ¶16).

AmeriCor's contract with Putnam and standards set forth in the National Commission on Correctional Health Care require AmeriCor to obtain a complete history and comprehensive physical examination within fourteen (14) days of an inmate commitment. (See relevant portions of AmeriCor Scope of Services annexed as Exhibit "C" to the Declaration of Timothy P. Coon) (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Pages 57-58, ¶17).

Based upon the Court's failure to give proper consideration to these undisputed facts applicable to AmeriCor, Inc., and due to the plaintiffs' failure to dispute AmeriCor's entitlement, it is respectfully submitted that the Court incorrectly found that there were triable issues of fact which precluded a finding of summary judgment on behalf of AmeriCor, Inc. Had the Court considered these uncontested facts, AmeriCor believes that these facts would have materially influenced its earlier decision and resulted in a judgment in its favor. As such, it is respectfully requested that the Court allow reargument and thus, should reconsider its conclusion and grant summary judgment in favor of AmeriCor, Inc.

## CONCLUSION

Reargument and reconsideration of the Court's Opinion is warranted, and upon reargument/reconsideration, and it is respectfully that the plaintiffs' 42 U.S.C. §1983 against AmeriCor, Inc. should be dismissed with prejudice.

Dated: White Plains, New York
      August 8, 2008

                                Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP

By: _____
Timothy P. Coon (TC 3357)
Bernice E. Margolis (BM0702)
Attorneys for Defendant
AmeriCor, Inc.
3 Gannet Drive
White Plains, New York 10604
(914) 323-7000
File No.: 07621.00174

15

2085550.1