UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DONNY A. SINKOV, as Administrator of the Estate of     CIVIL ACTION NO.
Spencer E. Sinkov, deceased, DONNY A. SINKOV, and     07 Civ. 2866, (CLB)
HARA SINKOV,

                   Plaintiffs,

    - against -

DONALD B. SMITH, individually and in his official
capacity as Sheriff of Putnam County, JOSEPH A.
VASATURO, individually, LOUIS G. LAPOLLA,
individually, THE COUNTY OF PUTNAM, New York,
and AMERICOR, INC.,

                   Defendants.
------------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF AMERICOR, INC.'s MOTION
FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendant
AMERICOR, INC.
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000

Of Counsel:   Timothy P. Coon
                  Bernice E. Margolis

2091642.1

# TABLE OF CONTENTS

                                                            **Page**

**TABLE OF AUTHORITIES** ...................................................................................................ii

**PRELIMINARY STATEMENT** ............................................................................................2

**ARGUMENT**

      **AMERICOR'S MOTION SHOULD BE GRANTED** .................................................3

      A. The Certification of this matter will materially
advance the ultimate termination of this litigation ........................................................3

      B. There is no issue of disputed fact that would preclude reversal ...........................4

      C. The Case Law Clearly Establishes AmeriCor's Right to Review ........................6

**CONCLUSION** .....................................................................................................................13

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Byrd v. Abate*, 1998 U.S. Dist. LEXIS 1761 (S.D.N.Y. 1998) ............................................. 11

*Estelle v. Gamble*, 429 U.S. 97 (1996) ................................................................................ 9

*Hathway v. Coughlin*, 37 F.3d 63 (2nd Cir. 1994) ................................................................ 9

*Belcher v. Oliver*, 898 F.2d 32 (4th Cir. 1990) .............................................................. 10, 11

*Brown v. G.W. Harris*, 240 F.3d 383 (4th Cir. 2000) ........................................................ 11

*City of Canton v. Harris*, 489 U.S. 378 (1989) ................................................................... 10

*Cooke ex.rel. Estate of Tessier v. Sherriff of Monroe County*, 402 F.3d
    1092 (11th Cir. 2005) ...................................................................................................... 10

*Kelsey v. City of New York*, 2006 WL 3725543 (E.D.N.Y.) ............................................... 11

*Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998) .................................................................... 11

*Pagan v. County of Orange*, Not Reported in F.Supp.2d, 2001 WL 32785
    (S.D.N.Y. 2001) .............................................................................................................. 11

*Relegert v. Cape Girardeau County*, 924 F.2d 794 (8th Cir. 1991) .................................. 10

*Rhyne v. Henderson County*, 973 F.2d 386 (5th Cir. 1992) ............................................... 10

*Warran v. Keane*, 937 F. Supp. 301 (S.D.N.Y. 1996) ........................................................ 11

## FEDERAL STATUTES

42 U.S.C. § 1983 ............................................................................................................ passim

## PRELIMINARY STATEMENT

Defendant AmeriCor, Inc. respectfully submits this reply in further support of its motion for Certification for Interlocutory Appeal concerning the Court's Memorandum Decision and Order, dated July 28, 2008 ("Decision"), insofar as it denied its motion for summary judgment. For the reasons set forth below, the July 28, 2008 order must be certified for an interlocutory appeal to the Second Circuit Court of Appeals as the instant case presents an "exceptional case" in which immediate interlocutory appeal should be permitted, in that this Court's order denying AmeriCor's motion to dismiss involves a controlling question of law, specifically, whether the actions of AmeriCor, a medical provider, rise to the level of deliberate indifference as a matter of law. Further, there is substantial ground for difference of opinion and certification will materially advance the ultimate termination of the litigation.

2091642.1

## ARGUMENT

### POINT I

### AMERICOR'S MOTION SHOULD BE GRANTED

AmeriCor's motion, in accordance with applicable case law and procedure, properly seeks to have the instant matter certified for interlocutory appeal as the lower Court erred in its decision.

All of the defendants in this matter filed and served a Rule 56 motion. However, when AmeriCor initially filed its Rule 56 motion with this Court, the Rule 56.1 statement was a mere 14 pages, with a 10 page Memorandum of Law. In response, AmeriCor received an 80+ page Counter Rule 56.1 Statement and a 50+ page memorandum of law which intentionally commingled plaintiffs' opposition against all three defendants and requiring this Court to sift through pages and pages of opposition in effort to distinguish those facts applying to AmeriCor as opposed to those asserted against the Sheriff and Putnam. The plaintiffs filed their papers in this manner in what could only be a purposeful effort to cloud the issues and facts before this Court.

It is clear by a review of the aforementioned papers, that the case law and applicable facts make it clear that plaintiffs' civil rights action asserted against AmeriCor cannot lie as a matter of law, and thus, should not be submitted to a jury.

A.   The certification of this matter will materially advance the ultimate termination of this litigation.

The certification of this matter will materially advise the ultimate termination of this litigation as to AmeriCor. The arguments set forth herein as well as in the initial moving papers

3

seek to have the well established case law applied to the facts as they apply to AmeriCor and seek a just outcome for AmeriCor.

While the plaintiffs claim that the issue of AmeriCor's deliberate indifference is one for a jury, this claim is incorrect. This issue of whether AmeriCor was deliberately indifferent to the decedent is one that can be and should be resolved as a matter of law. AmeriCor is not seeking to invade the province of a jury, but rather is seeking, in the absence of an issue of material fact, to have the law properly applied to the claims against AmeriCor.

Further, while the plaintiffs attempt to cling to this claim by stating that an appeal will not resolve this matter, the plaintiffs ignore the fact that the Court could, once the reversal of the Order denying AmeriCor's motion for summary judgment is granted, would terminate the litigation as the plaintiffs' 42 U.S.C. §1983 claim would be dismissed against AmeriCor and the Court could then use its discretion under 28 USC § 1367 to decline to exercise supplemental jurisdiction over the remaining state claim.

**B.        There is no issue of disputed fact that would preclude reversal**

Similar to what transpired at the summary judgment level, the plaintiffs refuse to simply set forth or respond to those set of operative facts that apply to AmeriCor in this matter. Rather, the plaintiffs attempt to cloud the judgment of this Court by referencing facts that apply only to the other co-defendants. Further, with respect to facts relating to AmeriCor, the plaintiffs seek to manipulate facts and omit evidence in an failed attempt to raise a question of fact. A review of the alleged disputed facts by the plaintiffs reveals that there are actually no disputes at all.

(1)       Plaintiffs claim that AmeriCor denies its role in the booking process and denies its authority to institute a constant watch. This statement is misguided. AmeriCor never denied that it participated in the booking process. AmeriCor never denied that if circumstances warranted, it

4

2091642.1

could implement a constant watch. However, AmeriCor does deny it participated in the manner as alleged by the plaintiffs.

The evidence is clear (and admitted by Putnam County) that Putnam County, and only Putnam County, administered the suicide signed screening of the decedent and determined the level of supervision to be implemented.

AmeriCor's role was to provide medical services to the inmates. AmeriCor would do an initial screening at booking to ensure that an inmate was medically fit to be admitted into the facility. Then, within the first 24 hours, a more comprehensive screening is done at the medical office. (See Deposition Transcript of Sergeant Louis LaPolla, Page 27, Lines 1-25, annexed to the Declaration of Adam I. Kleinberg as Exhibit "G"). (See also, Deposition Transcript of Corrections Officer Robert Wendover, Page 46-47, Lines 24-25, 1-20, annexed to the Declaration of Adam I. Kleinberg as Exhibit "V"). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Page 57, ¶15).

AmeriCor has no role in completing the suicide screening, nor did it ever have a role in filing out the suicide screening prior to the death of the decedent. (See Deposition Transcript of Captain Robert LeFever, Page 26, Lines 8-10, annexed to the Declaration of Timothy P. Coon as Exhibit "A").

(2)   The plaintiffs' statement that AmeriCor's Nurse Clarke had knowledge that Spenser scored a "10" and had three shaded boxes on the suicide screening form is nothing more than speculation. The record evidence does not support such a statement. The plaintiffs fail to address Nurse Clarke's testimony, as supported by that of Nurse Waters, that all of the intake forms are reviewed to ensure they are completed, not for content. (See Deposition Transcript of

5

Peter Clarke, Page 32, Lines 8-12, annexed as Exhibit "D" to the Declaration of Timothy P. Coon).

(3) The Plaintiffs' claim that the decedent would be entering serious withdrawal (such that would be so mentally and physically painful that suicide is the only option) based upon his history of heroin use is nothing more than pure speculation and contradicted by the record evidence. Further, there is not a single expert medical opinion to support this speculative alleged fact in dispute.

(4) There is absolutely no evidence that the decedent was suicidal. The evidence is clear that Putnam County's SOJ-32 suicide screening form is merely a tool to ascertain whether someone is at a high risk of suicide, not suicidal. (This point is also conceded by plaintiffs in paragraph (5) of its opposition, page 4).

(5) AmeriCor takes issue with the plaintiffs' insinuation that AmeriCor attempts to paint the decedent as if he were a "circus clown." No such statements were made by AmeriCor nor implied. AmeriCor simply identified the undisputed evidence that the decedent, despite being held as a pre-trial detainee with respect to numerous counts of the possession and sale of heroin, was in good spirits, did engage in moments of laughter and jocularity with both Putnam County and AmeriCor staff, and indeed even joked with his own brother during the visitation. The plaintiffs seek to portray the decedent in such a fashion, AmeriCor merely puts before the Court the testimony which the plaintiffs adduced at depositions. Further, the undisputed evidence is that the decedent never made any complaints of withdrawing from heroin such that he required medical attention.

(6) The plaintiffs' again attempt to exaggerate the evidence in an effort to sway this Court with emotion, rather than evidence. Nurse Waters did not stay the decedent "looked fine."

6

2091642.1

Nurse Waters testified in conformity with her progress note that the decedent was without signs of withdrawal, was in good spirits and was laughing and joking around. His gait was steady and no complaints were made by the decedent. (See Progress Notes, annexed to the Declaration of Timothy P. Coon as Exhibit "F").

(7) The plaintiffs' omit the entirety of Corrections Officer Wendover's testimony concerning whether the decedent was actively withdrawing from heroin such that medical treatment was required. It is undisputed that the decedent stated he was withdrawing from heroin. Conveniently, however, the plaintiffs omit the testimony of both Officer Wendover as well as that of the **decedent's own parents** wherein they stated the decedent also stated that the withdrawal was "not too bad." (See Deposition Transcript of Corrections Officer Robert Wendover, Page 56, Lines 11-18, annexed to the Declaration of Adam I. Kleinberg as Exhibit "V"). (See also Deposition Transcript of Hara Sinkov, Page 14, Lines 11-13, annexed to the Declaration of Timothy P. Coon as Exhibit "G"). (See Deposition Transcript of Donny A. Sinkov, Page 68-69, Lines 25, 1-4, annexed to the Declaration of Timothy P. Coon as Exhibit "H"). The decedent did not express any suicidal thoughts during this visitation. (See Deposition Transcript of Donny Sinkov, Page 22-24, annexed to the Declaration of Timothy P. Coon as Exhibit "H"). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Pages 57-58). Irrespective of all of the aforementioned testimony, it is undisputed that the plaintiffs have brought forth no expert evidence concerning whether the decedent was in fact actively withdrawing from heroin such that medical care was required and what medical care, if any, should have been provided that already was not. In the absence of such evidence, this Court must disregard, as pure unfounded speculation, the plaintiffs' claims.

7

(8) The plaintiffs claim that AmeriCor's policies and procedures did not meet minimum state requirements with respect to the level of supervision required of an inmate at a higher risk of suicide. The case law is clear that liability cannot be imposed as Section 1983 provides no remedy for an alleged failure to meet state law requirements.

Assuming arguendo it somehow could impose liability, the evidence is nonetheless clear, as admitted to by Putnam County, that it was solely responsible for the creation and administration of the suicide intake form. Its personnel filed out the form with respect to the decedent and it selected the cell assignment. It was solely responsible for determining the level of supervision required by the decedent.

AmeriCor's contract with Putnam and standards set forth in the National Commission on Correctional Health Care required AmeriCor to obtain a complete history and comprehensive physical examination **within fourteen (14) days** of an inmate commitment. (See relevant portions of AmeriCor Scope of Services annexed as Exhibit "C" to the Declaration of Timothy P. Coon) (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Pages 57-58, ¶17). The SOJ-32, or suicide screen, is administered by the correction officer, not AmeriCor. (See Deposition Transcript of Captain Robert LeFever, Page 29, Lines 12-17, annexed to the Declaration of Timothy P. Coon as Exhibit "A"). (See AmeriCor's Counter-Statement of Material Facts in Dispute Pursuant to Local Rule 56.1 and Reply, Page 57, ¶16).

(9) The plaintiffs claim that AmeriCor is liable and deliberately indifferent due to an alleged failure to train its staff concerning the administration of the suicide screening form, which training was provided subsequent to the suicide of the decedent. First, an alleged failure to train cannot form the basis of a Section 1983 claim. Further, any reference to what AmeriCor

did or did not do with respect to the training of its staff post suicide of the decedent is inadmissible as a matter of law. Nevertheless, it is imperative for this Court to be informed that the training of which plaintiffs speak was not done prior to the decedent's suicide as it was not the responsibility of, nor did AmeriCor contract with the PCCF, for these services at that time.

As such, a review of the aforementioned alleged facts to be in dispute by the plaintiffs are in fact, not disputed at all.

### C. The Case Law Clearly Establishes AmeriCor's Right to Review

AmeriCor agrees that in order to establish a Fourteenth Amendment violation arising out of an allegation of inadequate medical treatment, a plaintiff must prove deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1996). The deliberate indifference standard has both an objection and subjective prong. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). First, a plaintiff must establish the objective prong of the test, i.e. it must be shown that the alleged medical need must be sufficiently serious, which is a condition which is one that produces "a condition of urgency…that may produce death, degeneration or extreme pain." Id. at 66. To meet this prong, it must be shown that the one accused of a violation of rights "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 66. This subjective element requires a state of mind equivalent to the intent of criminal recklessness, when a defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at. 66. It is undisputed that the plaintiff cannot establish either prong of the required test.

Where the plaintiffs and AmeriCor differ is the applicability of well establish case law that would, as a matter of law, allow for the dismissal of the plaintiffs' civil rights claims against AmeriCor. Further, while the plaintiffs attempt to rehash serious medical condition, AmeriCor did not seek review of this issue. The issue is whether the affirmative actions taken by AmeriCor negate deliberate indifference as it would in other jurisdictions.

This case, while tragic, cannot be ameliorated by an attempt to attach constitutional blame where it does not belong. The Fourteenth Amendment does not contemplate liability upon the premise that all self-inflicted harm is the fault of someone else other than the one who harmed himself. Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990).

Deliberate indifference is a difficult burden for a plaintiff to meet, and plaintiffs cannot sustain such a burden in the instant matter. Rellergert v. Cape Girardeau County, 924 F.2d 794 (8th Cir. 1991). The fact that the decedent committed suicide is not probative of this issue. Id. at 796. See also, In Cooke ex.rel. Estate of Tessier v. Sherriff of Monroe County, 402 F.3d 1092 (11th Cir. 2005)(a failure to prevent suicide is not held to constitute deliberate indifference).

Further, despite plaintiffs attempt to state the contrary, the question is not whether, in hindsight, all that could have been done was done; rather the inquiry must be whether the defendant met the constitutional requirements. Id. at 797. Indifference is apathy or unconcern. Id. at 797. In the presence of implemented precautionary procedures (i.e. repeated discussions, 15 minute watch and the preparation of a Mental Health Referral Form) a defendant cannot be held to be deliberately indifferent. Id. at. 797[1]. See, Rhyne v. Henderson County, 973 F.2d 386 (5th Cir. 1992)(Failure to place a suicidal inmate on a constant watch was not deliberate indifference as steps taken illustrate concern not apathy); City of Canton v. Harris, 489 U.S. 378

---

[1] As set forth herein, this proposition is cultivated from numerous circuit courts throughout the country. As such, it is an issue ripe for determination by the Second Circuit.

10

2091642.1

(1989). *See also*, Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990)(Although normal procedure, failure to remove the decedent's belt and shoe laces did not constitute deliberate indifference to a medical need where the decedent did not express any concern over his own wellbeing or behaved in a manner that he would commit suicide); Brown v. G.W. Harris, 240 F.3d 383 (4th Cir. 2000), *quoting* Farmer, 511 U.S. at 844 (One "who actually [knows] of a substantial risk to inmate health or safety may be found free from liability if [he] responded reasonably to the risk, even if the harm was not ultimately averted." Negligence is not deliberate indifference); Liebe v. Norton, 157 F.3d 574, 577 (8th Cir. 1998)(a court must focus on the precautionary action taken, not those that could have been taken). The case law is clear that where affirmative actions are taken to prevent suicide, deliberate indifference is lacking, even in the face of potentially negligent actions. Kelsey v. City of New York, 2006 WL 3725543 (E.D.N.Y. 2006).

The cases on which plaintiffs rely for the proposition that a defendant is deliberately indifferent simply do not support this claim. It is clear that whether a defendant is deliberately indifferent can, in the first instance, be a question of law for the Court. The cases cited by plaintiffs merely hold that due to factual disputes in those cases, deliberate indifferent was a jury question. Pagan v. County of Orange, Not Reported in F.Supp.2d, 2001 WL 32785 (S.D.N.Y. 2001) merely held that under the specific circumstances, where the inmate who assaulted the plaintiff had twice written to prison psychiatric doctors that he had not received his psychiatric mediations for his conditions, and where housed in a specialized unit, with officers who were specially trained, it was a question of fact whether the inmate would become violent, attacking another inmate. Byrd v. Abate, 1998 U.S. Dist. LEXIS 1761 (S.D.N.Y. 1998) held a question of fact existed in that circumstance where an officer left his post of monitoring inmates in a mental health ward who were violent. Warren v. Keane, 937 F.Supp. 301 (S.D.N.Y. 1996) held

11

questions of fact relating to exposure of inmates to second hand smoke where there were numerous complaints by inmates concerning same. None of these cases state that deliberate indifference must be a question of fact for a jury.

Lastly, the statement of the plaintiffs that even the Putnam County Jail Administrator's own testimony is an admission that a fifteen minute watch or other periodic checks do not comply with state standards and that the decedent should have been placed on a constant watch is in fact illustrative of AmeriCor's point; Putman County administered the suicide screening and determined the level of supervision. The aforementioned testimony taken in its context illustrates that the failure to do so what the fault of Putnam County, not AmeriCor, yet the plaintiffs ask this Court to deny AmeriCor the relief to which it is entitled based upon the action of the co-defendants.

## CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that this Court grant AmeriCor's motion for entry of an Order, pursuant to 28 U.S.C. § 1292[b], of Certification of the July 28, 2008 order of this Court, which denied AmeriCor's motion for summary judgment, for interlocutory appeal. It is further submitted that this Court issue a stay of all proceedings until the Second Circuit Court of Appeals resolves the issue that will be the subject of this interlocutory appeal.

Dated: New York, New York
       August 25, 2008

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Timothy P. Coon (TC 3357)
Bernice E. Margolis (BM0702)
Attorneys for Defendant
AmeriCor, Inc.
3 Gannet Drive
White Plains, New York 10604
(914) 323-7000